UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LEONARDO CAVERO AND LIDIA
CAVERO,

    Plaintiff,

v.                                            Case No. 13-cv-24307-COOKE/TURNOFF

ONE WEST BANK FSB, INDYMAC
MORTGAGE SERVICES, CHOICE
LEGAL GROUP PA FAITH DOMINIQUE
EVERETTE, ESQ., ERIC DUENAS,
JANE DOE, GEORGE KAMUCK,
FOREST MCKNIGHT and SUCHAN MURRAY,

    Defendants.
_____/

## INDYMAC MORTGAGE SERVICES AND ONEWEST BANK'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants OneWest Bank FSB ("OWB") and IndyMac Mortgage Services ("IndyMac"), an unincorporated division of Defendant OWB, by and through their undersigned counsel, and pursuant to Rules 12(b) and 17 of the Federal Rules of Civil Procedure, file this Motion to Dismiss the Amended Complaint filed by Plaintiffs Leonard Cavero and Lidia Cavero ("Plaintiffs") with incorporated memorandum of law. In support of its Motion, Defendants state as follows:

### I.    INTRODUCTION

1.    On September 4, 2007 Plaintiff Leonard Cavero executed and delivered a Promissory Note (the "Note") in favor of lender, IndyMac Bank, F.S.B., in the amount of $313,600. Also on September 4, 2007, Leonardo and Lidia Cavero executed a Mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee

1

for the lender, on certain real property commonly known as 14933 SW 179 St., Miami, Florida 33187 (the "Property"). (*See* Note and Mortgage, attached as Exhibits to Amended Complaint).

2.   After Plaintiffs defaulted on the Mortgage, OneWest Bank FSB, the successor in interest to the lender, filed a foreclosure action against the Cavero's seeking to foreclose its interest on the Property. *See OneWest Bank FSB v. Leonardo Cavero, et al.,* Case No. 09-75207, Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida ("State Foreclosure Action"). On May 31, 2013, the state court entered a Final Judgment of Foreclosure. [1]

3.   On November 26, 2013, Plaintiffs filed their *pro se* Complaint in this Court, and then on January 9, 2014, Plaintiffs filed their *pro se* Amended Complaint[2] arising out of the same Mortgage and Note that is the subject of the State Foreclosure Action. Plaintiffs allege violations of (1) the Real Estate Settlement Procedures Act ("RESPA"); (2) the Truth-in-Lending Act ("TILA"); (3) the Fair Debt Collection Practices Act ("FDCPA"); (4) the Florida Consumer Collection Practices Act ("FCCPA"); (5) Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"); and (6) the tort of Intentional Infliction of Emotional Distress. Clearly, the Cavero's suit is based solely on actions taken by Defendants in connection with the foreclosure, the propriety of which has already been adjudicated by the court in the State Foreclosure Action.

4.   On January 14, 2014, Plaintiffs purported to serve IndyMac with a copy of the Amended Complaint despite the fact that IndyMac is not a legal entity, but rather an unincorporated division of OneWest Bank FSB.

---

[1] *See* Fed.R.Evid. 201(b)(2) ("The court may judicially notice a fact that is not the subject of reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.")

[2] There appears to be no material difference in the allegations or claims of the Amended Complaint compared to the Complaint. Plaintiffs dropped the "LLC" from IndyMac's name and added "Group PA" to Choice Legal's name. Otherwise the purported causes of action remain the same.

5. Plaintiffs' Amended Complaint seeks damages against OWB, Choice Legal Group, and other parties whom are all derived from the foreclosure proceedings.

6. However, IndyMac Mortgage Services is not a proper party because it is not a cognizable legal entity and thus lacks the capacity to be sued.

7. Plaintiffs' claims against IndyMac Mortgage Services should be dismissed **with prejudice**.

## II. STANDARD OF REVIEW

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations omitted). To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, courts may consider the allegations of the Complaint, documents incorporated therein by reference, and matters of which they may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights,* 551 U.S. 308, 322 (2007); FED. R. EVID. 201; *see also United States ex rel. Carroll v. JFK Med. Ctr.*, No. 01-8158-CIV, 2002 WL 31941007, at *2 (S.D. Fla. Nov. 15, 2002) ("This Court need not accept facts that are internally inconsistent, facts that run counter to facts which the court may take judicial notice of, conclusory allegations, unwarranted deductions, or mere legal conclusions."). Matters of public record, such as documents filed in the State Court Action, may be considered without converting a motion into one for summary judgment. *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986); *accord Termarsch v. Agent Mortg. Co.,* 2008 WL 1776592, at *1 n.3 (M.D. Fla. Apr. 16, 2008). This is because "such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned." *Spechler v. Tobin*, 591 F. Supp. 2d 1350, 1356 (S.D. Fla. 2008), *aff'd.,* 327 Fed. Appx. 870 (11th Cir. 2009).

### III.   ARGUMENT

**A.   IndyMac Mortgage Services Must Be Dismissed As A Defendant Because It Lacks The Legal Capacity To Be Sued**

"It is axiomatic that the capacity to sue in the courts of Florida attaches only to natural or legal *persons.*" *Underwriters at LaConcorde v. Airtech Servs., Inc.*, 493 So. 2d 428, 429 (Fla. 1986) (emphasis in original)[3]; *see* Fed. R. Civ. P. 17 (governs whether a named party, other than an individual or corporation, has the legal capacity to sue or be sued).

IndyMac does not have the ability to be sued, as it is not a legal entity separate from OWB in any manner. Notably absent from the Amended Complaint are any allegations that IndyMac is a corporation of a particular state, an individual, or any other legal entity with the capacity to be sued. Specifically, Plaintiffs alleges that IndyMac "is an unknown entity." (Doc. 11, at 2). In fact, IndyMac Mortgage Services is the name of a division of Defendant OneWest Bank FSB, just as the "Miami division" of the Court is an organizational unit of the Court. It is not separately incorporated. As an unincorporated division, IndyMac is not a separate legal entity capable of suing or being sued and Plaintiffs' claims against it should be dismissed. *See, e.g.*, *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439-40 (D. Md. 2001) (dismissing claim against an unincorporated division because, "[a]s an unincorporated division, [defendants] lack the capacity to be sued"); *Robbins v. Raymond*, CV411-193, 2012 WL 2153944, at *4 (S.D. Ga. June 13, 2012) ("Unincorporated corporate divisions lack the capacity to be sued.") report and recommendation adopted, CV411-193, 2012 WL 3113989

---

[3] As one Florida court noted, "no citation of authorities is required to sustain the proposition that only legal entities, personal or corporate, may be sued in the courts of this state." *Florida Medical Ass 'n v. Spires*, 153 So. 2d 756, 757 (Fla. 1st DCA 1963).

4

(S.D. Ga. July 31, 2012); *Western Beef, Inc. v. Compton Inv. Co.,* 611 F.2d 587, 590 (5th Cir.1980) (explaining that an unincorporated division is "not a separate legal entity wholly apart from its owner"); *Cliff Food Stores, Inc. v. Kroger, Inc.*, 417 F.2d 203, 206 (5th Cir. 1969)[4] (an unincorporated division of a corporation is not a separate legal or corporate entity); *Jarzynka v. St. Thomas Univ. of Law,* 310 F. Supp. 2d 1256, 1267 n.3 (S.D. Fla. 2004) ("[a] division of a corporation … is not a separate legal entity capable of suing or being sued.").

In *Kearney v. Wyeth*, the Court stated that Wyeth Pharmaceuticals, as an unincorporated division of Wyeth, was not separately amenable to suit. *Kearney v. Wyeth*, 2003 WL 25548422, at *1 n.1 (M.D. Fla. May 9, 2003).  Likewise, in *Gross v. Culbro Corp.*, the plaintiff conceded that the other named defendant in the suit was "merely an unincorporated division of Culbro, and, therefore, is not a separate, suable entity." *Gross v. Culbro Corp.*, PCA 85-4193-RV, 1987 WL 46324, at *1 n.1 (N.D. Fla. Dec. 16, 1987).

Because IndyMac is not a legal entity under Florida law, it must be dismissed as an improper party. *U.S. v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) (affirming dismissal of complaint against the University of Florida because it was not endowed with an independent corporate existence or the capacity to be sued).

B.   **Plaintiffs' Claims Against IndyMac Mortgage Services Must Be Dismissed Because Plaintiffs Have Failed To Serve IndyMac Mortgage With Process**

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of a claim due to insufficient service of process. Plaintiffs have failed to sufficiently serve IndyMac Mortgage Services, because it is not legally possible for them to do so.  As stated above, IndyMac Mortgage Services is an unincorporated division of Defendant OneWest Bank, FSB.  There are

---

[4] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

no officers or directors to accept service on behalf of such an entity, because one does not exist.[5] As further support of the instant Motion to Dismiss, the Court should dismiss all claims against IndyMac for insufficient service of process. *See Florida City Police Dept. v. Corcoran*, 661 So. 2d 409, 410 (Fla. 1st DCA 1995) (concluding that service of process was not accomplished on a police department because it did not have the legal capacity to be sued).

## IV. CONCLUSION

WHEREFORE, Defendant IndyMac Mortgage Services respectfully requests that the Court dismiss Plaintiffs' action with prejudice, and further request such other relief as this Court deems just and appropriate.

Respectfully submitted this 19th day of February, 2014.

/s/Hope T. Cannon
Hope T. Cannon (FBN: 95542)
Richard K. Vann, Jr. (FBN: 100062)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone: (205) 521-8000
Facsimile:  (205) 521-8800
hcannon@babc.com
rvann@babc.com

ATTORNEYS FOR DEFENDANTS ONEWEST BANK FSB, AND INDYMAC MORTGAGE SERVICES, AN UNINCORPORATED DIVISION OF ONEWEST BANK

---

[5] Plaintiffs purported to serve IndyMac at the corporate address for Defendant OneWest Bank, FSB. *See* Plaintiffs' Return of Service. (Doc. 20)

**LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE**

Counsel for Defendants has conferred with Counsel for Plaintiffs regarding the relief sought in this motion in a good faith effort to resolve the issues raised in this motion and has been unable to resolve the issues.

Dated this 19th day of February, 2014.

    /s/ Hope T. Cannon

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2014, I served the foregoing by U.S. Postal Service or by filing electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing:

    Jennie G. Farshchian, Esq.
    Jurado & Farshchian, P.L.
    12955 Biscayne Blvd., Suite 328
    North Miami, Florida 33181
    jennie@jflawfirm.com

        *Attorney for Plaintiffs*

    Robert Alan Bouvatte, Jr., Esq.
    David S. Rothenberg, Esq.
    Conroy, Simberg
    3440 Hollywood Blvd., 2nd Floor
    Hollywood, Florida 33021
    rbouvatte@conroysimberg.com
    drothenberg@conroysimberg.com

        *Attorney for Defendant Faith Dominique and Choice Legal Group*

George Kamuck
888 East Walnut Street
Pasadena, California  91101

Forest McKnight
888 East Walnut Street
Pasaedena, California  91101

Suchan Murray
888 East Walnut Street
Pasadena, California  91101

              /s/ Hope T. Cannon
                OF COUNSEL