UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LEONARDO CAVERO AND LIDIA
CAVERO,

      Plaintiff,

v.                              Case No. 13-cv-24307-COOKE/TURNOFF

ONE WEST BANK FSB, INDYMAC
MORTGAGE SERVICES, CHOICE
LEGAL GROUP PA FAITH DOMINIQUE
EVERETTE, ESQ., ERIC DUENAS,
JANE DOE, GEORGE KAMUCK,
FOREST MCKNIGHT and SUCHAN MURRAY,

      Defendants.

_____/

## **MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant OneWest Bank FSB ("OWB")[1], by and through its undersigned counsel, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiffs' Leonard Cavero and Lidia Cavero ("Plaintiffs") Amended Complaint. The Plaintiffs' claims as to OWB are barred as a matter or law. Specifically, Plaintiffs have brought this action to improperly attack the state court's Final Judgment of Foreclosure in favor of OWB, something they cannot do under the *Rooker-Feldman* doctrine and principles of *res judicata*. Moreover, the Court should abstain from entertaining this action in favor of the pending state foreclosure action. In further support of its Motion, OWB states as follows:

---

[1] Plaintiffs also named as a party to this action IndyMac Mortgage Services. Indymac Mortgage Services, however, is not a separate entity and, rather is an unincorporated division of OneWest Bank FSB. Accordingly, Indymac is not a proper party to this action and should be dismissed. *See* Indymac Mortgage Services Motion to Dismiss, filed contemporaneously herewith. However, for the same reasons set forth herein as to OWB, even if Indymac was a separate entity, all claims against it should be dismissed.

## I.    INTRODUCTION

1.    On September 4, 2007 Plaintiff Leonard Cavero executed and delivered a Promissory Note (the "Note") in favor of lender, IndyMac Bank, F.S.B., in the amount of $313,600.  Also on September 4, 2007, Leonardo and Lidia Cavero executed a Mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender, on certain real property commonly known as 14933 SW 179 St., Miami, Florida 33187 (the "Property"). (*See* Note and Mortgage, attached as Exhibits to Amended Complaint).

2.    After Plaintiffs defaulted on the Mortgage, OWB, the successor in interest to IndyMac Bank, filed a foreclosure action against the Caveros seeking to foreclose its interest on the Property.  *See OneWest Bank FSB v. Leonardo Cavero, et al.,* Case No. 09-75207, Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida ("State Foreclosure Action").  On May 31, 2013, the state court entered a Final Judgment of Foreclosure.

3.    On November 26, 2013, Plaintiffs filed this action alleging violations of (1) the Real Estate Settlement Procedures Act ("RESPA"); (2) the Truth-in-Lending Act ("TILA"); (3) the Fair Debt Collection Practices Act ("FDCPA"); (4) the Florida Consumer Collection Practices Act ("FCCPA"); (5) Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"); and (6) the tort of Intentional Infliction of Emotional Distress. [2]

4.    The purported factual basis for all Plaintiffs' federal claims is what occurred in the State Foreclosure Action, and the Note and Mortgage, which are the subject of the State Foreclosure Action.  Plaintiffs seek a determination of the parties' rights and obligations under the Note and Mortgage, complain about the propriety of the State Foreclosure Action and essentially seek to invalidate the foreclosure proceedings.

---

[2] The Plaintiffs' Amended Complaint contains the same claims as the original Complaint, except that Plaintiffs dropped "LLC" from Indymac Mortgage Services name and added "Group PA" to Choice Legal's name.

5.      Even Plaintiffs' Statement of Claim for FDCPA Violations [Doc. 8] contains nothing but statements relating to events that occurred in State Foreclosure Action.  Plaintiffs begin the Statement by explaining that "[t]his action arises on Defendants attempting to collect an alleged debt foreclosing on Plaintiffs' property located at 14933 SW 179 ST, Miami FL 33187." *See* Doc. 8.

6.      Plaintiffs' claims are meritless, do not state a cause of action, and are barred as a matter of law. Accordingly, Plaintiffs' Amended Complaint should be dismissed **with prejudice**.

## II.  STANDARD OF REVIEW

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In ruling on a motion to dismiss, courts may consider the allegations of the Complaint, documents incorporated therein by reference, and matters of which they may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights,* 551 U.S. 308, 322 (2007); FED. R. EVID. 201; *see also United States ex rel. Carroll v. JFK Med. Ctr.*, No. 01-8158-CIV, 2002 WL 31941007, at *2 (S.D. Fla. Nov. 15, 2002) ("This Court need not accept facts that are internally inconsistent, facts that run counter to facts which the court may take judicial notice of, conclusory allegations, unwarranted deductions, or mere legal conclusions.").  Matters of public record, such as documents filed in the State Court Action, may be considered without converting a motion into one for summary judgment. *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986); *accord Termarsch v. Agent Mortg. Co.,* 2008 WL 1776592, at *1 n.3 (M.D. Fla. Apr. 16, 2008).[3] This is because "such documents

---

[3] The court may also take judicial notice of pleadings and orders filed in another case.  *See, e.g., O'Neal v. Bank of America, N.A.,* No. 8:11-cv-107-T-17-TGW, 2012 WL 629817, at *2 (M.D. Fla. Feb. 28, 2012) (taking judicial notice of state court foreclosure actions in applying the *Rooker-Feldman* doctrine and granting motion to dismiss for lack of subject matter jurisdiction). *See also 126th Ave. Landfill, Inc. v. Pinellas County*, No. 8:09–cv–307–T–33TBM, 2010 WL 3190606, at *2 (M.D. Fla. Aug. 11, 2010) ("The Court may take judicial notice of another court's order 'for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the

are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Spechler v. Tobin*, 591 F. Supp. 2d 1350, 1356 (S.D. Fla. 2008), *aff'd.,* 327 Fed. Appx. 870 (11th Cir. 2009). Additionally, because this motion raises jurisdictional challenges, the Court may consider such records. *Spring Air Int'l v. R.T.G. Furniture Corp.*, 2010 WL 4117627, at *1-2 (M.D. Fla. Oct. 19, 2010). [4]

## III.   ARGUMENT

### A.   The Court Should Dismiss This Action Under *Rooker-Feldman*

Plaintiffs filed this action as an improper attack on the Final Judgment of Foreclosure that was entered in the State Court Action. Such an action is barred by the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine provides that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *See Tindall v. Gibbons*, 156 F. Supp. 2d 1292, 1299 (M.D. Fla. 2001) (quoting *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996)). "A litigant may not escape application of the doctrine by merely electing not to appeal an adverse state trial court judgment." *Id.* "*Rooker–Feldman* is 'grounded on federalism, comity and the premise that state courts are not inferior to federal courts.'" *Id.* (quoting *In re Glass*, 240 B.R. 782, 785 (Bankr. M.D. Fla. 1999). The *Rooker–Feldman* doctrine applies when:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was

litigation."') (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

[4] The party invoking federal subject matter jurisdiction bears the burden of proving its existence. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Challenges to a district court's subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) are not confined to the pleadings, and the allegations of the Complaint are not presumed to be true. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999); *Tindall v. Gibbons*, 156 F. Supp. 2d 1292 (M.D. Fla. 2001) (challenges pursuant to the *Rooker-Feldman* doctrine are not confined to the pleadings). Thus, the proceedings from the State Foreclosure Action may properly be considered on this Motion.

either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

*Parker v. Potter*, 368 Fed. Appx. 945, 948 (11th Cir. 2010).

Each of the four (4) elements above is present here. First, the parties before this Court are the same parties in the State Foreclosure Action, that is, OWB and the Caveros. Additionally, the other parties that have been named by Plaintiffs were also involved in the State Foreclosure Action. They are OWB's attorneys or employees who verified or executed documents or were identified as witnesses in the State Foreclosure Action. *See* Amended Complaint, ¶s 24, 32, 38, 58. Second, the Final Judgment of Foreclosure entered in the State Foreclosure Action is a final judgment on the merits (which was not appealed by the Plaintiffs).

Third, the purported federal claims raised by Plaintiffs here could have (and should have) been raised by the Plaintiffs in the State Foreclosure Action either as affirmative defenses or counterclaims. *See  O'Neal v. Bank of Am., N.A.*, 8:11-CV-107-T-17-TGW, 2012 WL 629817, at *6 (M.D. Fla. Feb. 28, 2012), (holding that plaintiffs had "reasonable opportunity to raise [their] federal claim[s] in state proceedings." "Like res judicata and collateral estoppel, the *Rooker–Feldman* doctrine is intended to ensure that litigants do not take multiple bites from the same apple." *Id.* Thus, it is irrelevant that Plaintiffs have alleged claims under RESPA, TILA, FDCPA, FCCPA, or FDUPTA, which were not claims they raised in state court. What is relevant is the fact that they had the opportunity to raise all of those claims and chose not to do so. *See  Dean v. Wells Fargo Home Mortgage*, 2:10-CV-564-FTM-29, 2011 WL 1515106, at *3 (M.D. Fla. Apr. 21, 2011); s*ee, e.g., Parker,* 368 Fed. Appx. at 948 (rejecting under *Rooker–Feldman* a TILA claim that sought rescission of a state foreclosure judgment where the parties were the same, a final judgment of foreclosure had been entered and the claims could have been raised in the state action). In fact, "no record evidence suggests that [Plaintiffs] did not have an

opportunity to raise [their] TILA claim in Florida or that the state court would have prevented [them] from so doing." *See Parker*, 368 Fed. Appx. at 948.

Fourth, the federal claims before this court are inextricably intertwined with the Final Judgment of Foreclosure. *See Harper v. Chase Manhattan Bank,* 138 Fed. Appx. 130, 133 (11th Cir. 2005) (holding that the *Rooker–Feldman* doctrine applied as plaintiff's claims under TILA, FDCPA, and ECOA were inextricably intertwined with the foreclosure proceeding in state court).[5]   The "*Rooker–Feldman* applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment." *Dean*, 2011 WL 1515106, at *3 (citing *Powell*, 80 F.3d at 466).   "The crucial question in determining the applicability of *Rooker–Feldman* is whether the relief requested of the federal court would effectively reverse or void the state court's ruling." *Id*. (quoting *Bosdorf v. Beach,* 79 F. Supp. 2d 1337, 1339 (S.D. Fla. 1999).

Here, there can be no question that a judgment in favor of the Plaintiffs would undermine the Final Judgment of Foreclosure.  By Plaintiffs' own words, they claim in this action that OWB "had no right to foreclose and the Final Judgment is unlawful and void on its face."   *See* Amended Complaint, ¶ 84(g). They claim that Defendants engaged in activities "to wrongfully foreclose." *See id*. at ¶ 16.  They claim that OWB failed to provide evidence that it had authority to bring the foreclosure (¶ 47); and that OWB failed to meet conditions precedent to the foreclosure (¶s 49, 50).  These allegations clearly attack the propriety of the Final Judgment of

---

[5] *See also Velardo v. Fremont Inv. & Loan,* 298 Fed. Appx. 890, 892–93 (11th Cir. 2008) (holding that appellants' TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker–Feldman* ); *Aboyade–Cole Bey v. BankAtlantic,* No. 6:09–cv–1572, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker–Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment).

Foreclosure and are intertwined with the issues already decided by the State Court Action in entering the Final Judgment of Foreclosure.

Finally, "the fact that Plaintiffs seek money damages instead of an outright overturning of the state-rendered foreclosure judgment changes nothing: after all, money damages would only be available in the first instance if the state court's decision to grant the foreclosure were found to have been wrongful." *O'Neal*, 2012 WL 629817, at *6 (citing *Goodman ex rel. Goodman v. Sipos,* 259 F.3d 1327, 1333 (11th Cir. 2001) ("The *Rooker–Feldman* doctrine is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court.")); *see also Swiatowski v. Citibank,* 745 F. Supp. 2d 150, 154 (E.D.N.Y. 2010) (dismissing federal claims under *Rooker–Feldman* "[a]lthough plaintiff has labeled the relief in the complaint as seeking monetary damages").  Accordingly, Plaintiffs' action should be dismissed with prejudice under the *Rooker-Feldman* doctrine. [6]

---

[6] Federal courts in other circuits have also consistently rejected cases seeking to attack state-court foreclosure judgments. *See, e.g., Tropf v. Fidelity Nat'l Title Ins. Co.,* 289 F.3d 929, 937–38 (6th Cir. 2002) (affirming dismissal of a RICO action under *Rooker–Feldman* where plaintiffs were alleging various frauds in connection with a state-court foreclosure judgment that allegedly allowed banks to "wrongfully" take their home); *Rene v. Citibank NA,* 32 F. Supp. 2d 539, 543 (E.D.N.Y.1999) (finding that subject-matter jurisdiction did not exist under *Rooker–Feldman* to adjudicate plaintiffs' RICO and § 1983 claims because plaintiffs asked the court "to review the state court's judgment of foreclosure and eviction, by seeking damages for the loss of their property ...."); *Simpson v. Putnam Cnty. Nat'l Bank of Carmel,* 20 F. Supp. 2d 630, 633 (S.D.N.Y.1998) ("[P]laintiff claims that defendants' actions caused him injury through the (1) loss of his real property; (2) loss of his residence; (3) loss of business relationships, esteem, and respect of some who dealt with him; and (4) damage to his creditworthiness.... [Plaintiff] seeks to require this Court to revisit the State Court's foreclosure judgment that resulted in the loss of his property, and to declare that judgment invalid on account of the defendants' allegedly fraudulent actions. Under *Rooker–Feldman,* however, this Court has no authority to review the ... judgment. Nor does the fact that plaintiff alleges that the ... foreclosure judgment was procured by fraud and conspiracy change that result."); *Smith v. Wayne Weinberger, P.C.,* 994 F.Supp. 418, 424 (E.D.N.Y.1998) (rejecting a federal claim that, in reality, attacked a state-court foreclosure judgment: "The fact that the plaintiff alleges that the State Court judgment was procured by fraud does not remove his claims from the ambit of *Rooker–Feldman....* Smith's claims for conversion are merely a thinly-veiled effort to invalidate the State Court's foreclosure judgment, in contravention of *Rooker–Feldman*.")

**B.**     **Res Judicata Bars This Action**

For the same reasons as set forth above, the Plaintiffs' action is barred by the doctrine of *res judicata*.  *Res judicata* prevents a party from attempting to bite an apple that has already spoiled.  The doctrine of *res judicata,*[7] also known as claim preclusion, prevents a party from relitigating a claim that was or could have been litigated in a prior case. Under Florida law, *res judicata* requires (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action was or could have been presented in both actions. *Dormescar v. U.S. Atty. Gen.*, 690 F.3d 1258, 1268 (11th Cir. 2012) (citations and quotations omitted).   *Res judicata* bars all of Plaintiffs' claims against OWB because there is a final judgment on the merits issued by the Circuit Court of Miami-Dade County, an indisputable court of competent jurisdiction.  There is identity of the parties – OWB was the plaintiff in the foreclosure action, and the Caveros were defendants.   Plaintiffs' claims could have been presented in the foreclosure, and as argued, *infra*, their claims were otherwise compulsory counterclaims in the State Foreclosure Action.  Thus, *res judicata* bars Plaintiffs from bringing the instant action.

**C.**     **The Court Should Abstain From The Exercise Of Jurisdiction**

Even if Plaintiffs' claims were not barred by the *Rooker-Feldman* doctrine or *res judicata*, which they are, the Court should abstain from exercising jurisdiction over this action in deference to the first-filed parallel State Foreclosure Action. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  Although a Final Judgment was entered in favor of OWB, the foreclosure sale has been stayed because the Plaintiffs filed for

---

[7] The Eleventh Circuit identifies *res judicata* and collateral estoppel as synonymous with claim preclusion and issue preclusion, respectively. *Biscayne Park, LLC v. Madison Realty Capital, L.P.*, 2013 WL 2243975, at *4 (S.D. Fla. May 21, 2013) (citing *Dormescar v. U.S. Atty. Gen.*, 690 F.3d 1258, 1268 n.9 (11th Cir. 2012)).

bankruptcy the day before the sale was to occur, thus the State Foreclosure Action is still pending.[8]

"*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Beepot v. J.P. Morgan Chase Nat'l Corp. Svcs, Inc*., 2011 WL 4529604 at *7 (M.D. Fla. 2011) (*citing Ambrosia Coal and Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004)).[9] "As a threshold matter, the *Colorado River* analysis is applicable 'when federal and state proceedings involve substantially the same parties and substantially the same issues.' " *Beepot*, 2011 WL 4529604, at *7, *citing Ambrosia Coal*, 368 F.3d at 1330.   As stated above, these proceedings are parallel with the State Foreclosure Action because it involves substantially the same parties, issues, and Property.[10]

The Court should consider the following six (6) factors in determining whether to apply *Colorado River*: 1) whether one of the courts has assumed jurisdiction over property, 2) the inconvenience of the federal forum, 3) the potential for piecemeal litigation, 4) the order in which the fora obtained jurisdiction, 5) whether state or federal law will be applied, and 6) the adequacy of the state court to protect the parties' rights. *Ambrosia Coal*, 368 F.3d at 1331; *see*

---

[8] In fact, this is the second time that the Plaintiffs have filed for bankruptcy to stop a foreclosure sale.  The first time was on July 10, 2013, when this property was first set to go to foreclosure sale on July 12, 2013. *See* Bankruptcy Petition #: 13-26259-AJC, S.D. Fla.  When the sale was reset for February 4, 2014, the Plaintiffs filed another petition for bankruptcy on February 3, 2014. *See* Bankruptcy Petition #: 14-12598-LMI, S.D. Fla.  Plaintiffs' 2014 bankruptcy is pending, and on February 3, 2014, the bankruptcy court entered an order directing the Plaintiffs to cure their incomplete filings due, or the court would dismiss the bankruptcy.

[9] *See also Huber v. GMAC Mortgage, LLC*, 2011 WL 6020410 at *4 n.2 (M.D. Fla. 2011); *THI of New Mexico at Las Cruces, LLC v. Fox*, 727 F. Supp. 2d 1195, 1198 (D.N.M. 2010) (abstaining from adjudicating case and dismissing complaint to compel arbitration without prejudice based on presence of concurrent state proceeding and for reasons of wise judicial administration).

[10] Although IndyMac is not a party to the state court litigation, the *Colorado River* doctrine does not require that the federal and state cases share *identical* parties, issues, and requests for relief. *Ambrosia Coal*, 368 F.3d at 1329-1330. If it did, parties could avoid the doctrine of *Colorado River* by the simple expedient of naming additional parties. *Id*. (citation omitted).  And furthermore, IndyMac is an unincorporated division of OneWest.

*also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983). These factors must be considered "flexibly and pragmatically, not as a 'mechanical checklist.'" *Id.* at 1332. In addition, the Eleventh Circuit noted a policy consideration that may influence whether *Colorado River* abstention is appropriate, namely, whether the litigation is "vexatious or reactive" in nature. *See Beepot,* 2011 WL 4529604 at *8, *citing Ambrosia Coal*, 368 F.3d at 1331.

Here, each of the *Colorado River* factors weighs in favor of abstention. *See Hendricks v. Mortgage Elec. Registration Sys., Inc.*, 8:12-CV-2801-T-30-TGW, 2013 WL 1279035, at *6 (M.D. Fla. Mar. 28, 2013) (finding Colorado River factors taken altogether weigh strongly in favor of abstention).  Most significantly, a Florida state court has already assumed jurisdiction over the Property at issue, satisfying the first, and in this case, most important factor. *See Beepot,* 2011 WL 4529604, at *8.  The second abstention factor—the convenience of the forum—also weighs in favor of abstention because the parties have actively litigated in the state court forum for over one (1) year.  The third abstention factor—the potential for piecemeal litigation— weighs heavily in favor of abstention.  "Should both actions proceed independently, there is a risk of inconsistent results, which would throw the ownership of the subject property in turmoil, and lead to an 'abnormally excessive or deleterious' result." *Beepot,* 2011 WL 4529604, at *9 (internal citation omitted).  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *See THI of New Mexico*, 727 F. Supp. 2d at 1209, *citing Am. Int'l Underwriters, Inc. v Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  The issues presently before the Court revolve around the validity and enforceability of the subject Note and Mortgage—the same documents at issue in the State Foreclosure Action.  Therefore, absent abstention, there will be a clear "duplication of

10

efforts" by the courts, and an inefficient use of judicial resources. *THI of New Mexico*, 727 F. Supp. 2d at 1209.

The fourth abstention factor—the order in which the forum obtained jurisdiction—also heavily weighs in favor of abstention and dismissal.  The complaint to foreclose the Mortgage was filed more than one (1) year prior to the instant action, and the state court litigation has progressed through a final judgment of foreclosure, only to have the foreclosure sale repeatedly delayed by Caveros' bankruptcy filings.  This Court, in contrast, has only seen the Complaint, Amended Complaint, and the instant Motion to Dismiss.  Because the State Foreclosure Action has progressed well ahead of this action, the fourth abstention factor weighs heavily in favor of abstention.   The fifth factor—whether state or federal law will be applied—and the sixth factor—the adequacy of the state court to protect the parties' rights—also weigh in favor of abstention and dismissal, as Plaintiffs' claims could all be properly adjudicated in state court.  Moreover, Plaintiffs cannot show that the state court is not capable or adequate to protect their rights.  A duplicate ruling from this Court is unnecessary and would only serve to waste judicial resources and potentially give rise to inconsistent rulings.

Finally, the "vexatious or reactive nature" of the litigation also weighs in favor of abstention.  The Plaintiffs are using this action as either a defense to the State Foreclosure Action or as an attempt to direct the outcome of the state case.  Thus, it is evident that the Caveros, with this later-filed federal action, are attempting to thwart foreclosure of their Property.  Such a reactive use of the federal courts is inappropriate, and weighs in favor of abstention.

**D.**     **The Plaintiffs' Claims Are Compulsory Counterclaims In The State Court Action**

Plaintiffs are precluded from asserting their claims in this action because they are compulsory counterclaims that must be alleged in the State Foreclosure Action. *Petillo v. World*

11

*Savings Bank*, 2009 WL 2178953 at *4 (M.D. Fla 2009) (*citing Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1380-82 (11ᵗʰ Cir. 1991)) ("failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in federal court on that claim"). A compulsory counterclaim is one "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fʟᴀ. Cɪᴠ. P. 1.170(a) [11]; *see Ocean Bank v. State*, 902 So. 2d 833, 835 (Fla. 1ˢᵗ DCA 2005) (citing *Turkey Creek, Inc. v. Londono*, 567 So. 2d 943, 945 (Fla. 1ˢᵗ DCA 1990) (Florida "courts have defined 'transaction or occurrence' with a 'broad realistic interpretation' in order to avoid numerous lawsuits from the same facts")). In this case, all of Plaintiffs' claims arise out of the Note and Mortgage, which are at the heart of the foreclosure action. Thus, there can be no dispute that Plaintiffs' claims are barred from being brought in the instant action.[12] Any successful prosecution of the instant action could nullify or impair the rights established by the state court, which cannot occur. Accordingly, Plaintiffs' claims must be dismissed. *See Nippon Credit Bank, Ltd. v. Matthews,* 291 F.3d 738, 755 (11th Cir. 2002) (per curiam) ("Compulsory counterclaims which are not brought are 'thereafter barred.'") (quoting *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1 (1974)).

**E.**   **Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted**

In addition to the aforementioned jurisdictional problems, Plaintiffs' claims should be dismissed pursuant to 12(b)(6) because they fail to state a cause of action for which relief can be

---

[11] Defendants cite to the Florida Rules of Civil Procedure because those rules govern Plaintiffs' compulsory counterclaims in the State Foreclosure Action. "State law governs whether the failure to bring a compulsory counterclaim in a prior state court proceeding bars a subsequent federal diversity action on that claim." *Hobirn, Inc. v. Aerotek, Inc.*, 787 F. Supp. 2d 1298, 1302 (S.D. Fla. 2011).

[12] Florida's compulsory counterclaim rule extends to all of Plaintiffs' claims. *Coachmen Indus. v. Royal Surplus Lines Ins. Co.,* 2007 WL 1837842, at *8 (M.D. Fla. June 26, 2007); *A.W. Cunningham v. MBNA Am. Bank,* 8 SO. 3d 438, 441 (Fla. 2d DCA 2009). *Cf. Ocean Bank v. Dep't of Fin. Servs.*, 902 So. 2d 833, 835 (Fla. 1st DCA 2005) (claim to void mortgage is compulsory counterclaim that must be raised in underlying foreclosure action); *Puff 'N Stuff of Winter Park, Inc. v. Fed. Trust Bank, FSB,* 945 F. Supp. 1523, 1530-31 (M.D. Fla. 1996) (RICO claims held to be compulsory counterclaims that should have been asserted in prior foreclosure proceeding).

granted.  Plaintiffs' Amended Complaint contains nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which are not sufficient to state any cognizable causes of action.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see also Anderson v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 525, 528 (5th Cir. 2008) ("A complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws.")

While the Amended Complaint need only allege enough facts to state a claim that is plausible, the factual allegations must be "enough to raise a right to relief above the speculative level." *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1260–61 (11th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Twombly,* 550 U.S. at 555 (internal quotations and modifications omitted).  Having failed to meet any of those standards, Plaintiffs' Amended Complaint should be dismissed with prejudice for the reasons discussed below.

### 1)     RESPA

Plaintiffs allege that OWB failed to properly respond to their Qualified Written Request ("QWR") under 12 U.S.C. § 2605.  However, Plaintiffs fail to state a claim because they did not attach a copy of the purported QWR nor do they allege any actual damages.  Section 2605(f) provides that a party who violates 2506 may recover actual damages and additional damages not to exceed $2,000 if the Court finds a pattern or practice of noncompliance. 12 U.S.C. 2605(f).  Because Plaintiffs failed to allege or show a pattern or practice of noncompliance, and because they do not allege any damages, they have failed to state a valid claim under Section 2605. *See*

*Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1305 (S.D. Fla. 2009); *accord Korman v. Gray*, 13-80031-CIV, 2013 WL 6002211, at *5 (S.D. Fla. Nov. 12, 2013).

    **2)**    **TILA**

In Count II, Plaintiffs merely recite a statute without stating a single allegation against Defendants. (Doc. 11, at 9).  Nonetheless, Plaintiffs concede that OWB is a "servicer." (Doc. 11, at 8).  Servicers, however, are not liable for a TILA violation of Section 1641(f). *Korman v. Gray*, 13-80031-CIV, 2013 WL 6002211, at *5 (S.D. Fla. Nov. 12, 2013) (citing *Kissinger v. Wells Fargo Bank, N.A.*, 888 F. Supp. 2d 1309, 1314-15 (S.D. Fla. 2012) ("Section 1641(f)(2) does not provide for a servicer's liability for damages if it fails to comply with the section's obligations.").  Accordingly, Count II should be dismissed with prejudice.

    **3)**    **FDCPA**

In Count III, Plaintiffs launch another series of conclusory allegations with mere recitations of statutory language from the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs allege that "Defendants" violated 15 U.S.C. § 1692 by, *inter alia*, using false representations, deceptive means to collect or attempt to collect a debt, and threatened to unlawfully repossess or disable the consumer's property. (Doc. 11, at 10).

To prevail on a FDCPA claim, a Plaintiff must plead and prove three elements: 1) the plaintiff must have been the object of a collection activity arising from a consumer debt; 2) the defendant must be a debt collector as defined by the FDCPA; and 3) the defendant must have engaged in an act or omission prohibited by the FDCPA. *Erickson v. General Electric Co.*, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012).  However, Plaintiffs' allegations are threadbare recitals of statutory language, without a single fact in support.  Plaintiffs' labels, conclusions, and formulaic recitation of the elements of a claim under the FDCPA fail to raise a right to relief

14

above a speculative level. *See Twombly*, 550 U.S. at 555. Fatally absent from the Amended Complaint are *specific factual allegations* which are essential to survive a motion to dismiss. Plaintiffs fail to specifically plead any false representations, any deceptive representations, any misleading representations, or what means of collecting the Mortgage payments were meant to harass, oppress, or abuse any person. Plaintiffs' mere conclusions fail to rise above a speculative level.

Plaintiffs' allegations do not support a claim against OWB because it is not a debt collector as defined by the FDCPA. *See* 15 U.S.C. 1692(a)(6). Plaintiffs' mere assertion that Defendants are debt collectors is insufficient, especially in light of Plaintiffs' admission that OWB is a "servicer" – the most fatal point to their FDCPA claim. *See Reese,* 686 F. Supp. 2d at 1307 (dismissing FDCPA claim with prejudice as plaintiff did not establish the defendants were "debt collectors" and finding that mortgage servicing company was not considered debt collector); *N. Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1335 (M.D. Fla. 2009) (the term debt collector does not include the consumer's creditors or a mortgage servicing company) (internal citations omitted). Simply put, under the FDCPA, mortgage servicers are not debt collectors and therefore cannot be liable for the alleged violations of the FDCPA. As such, Plaintiffs' claims under 15 U.S.C. § 1692 fail as a matter of law, and Count III should be dismissed with prejudice.

### 4)    FCCPA

In Count IV, Plaintiffs claim that Defendants violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9) ("FCCPA") by "claiming, attempting, or threatening to enforce a debt knowing that the debt was not legitimate. Defendants continue to collect the

alleged debt in dispute without proper verification." (Doc. 11, at 11).[13]   To plead a FCCPA claim, Plaintiffs "must allege 'knowledge or intent by the debt collectors in order to state a cause of action.'" *Reese*, 686 F. Supp. 2d at 1309 (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000).   In attempting to state a claim under the FCCPA, "[s]imply pleading that Defendant had knowledge is not enough. Under Florida law 'the use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim.'" *Id.* (quoting *In re Cooper*, 253 B.R. 286, 290 (N.D. Fla. 2000).   Here, like the facts in *Owens v. Ronald R. Wolf & Associates, P.L.*, "[n]owhere in Plaintiff's Amended Complaint does Plaintiff plead facts that [OWB] had knowledge that it was pursuing a debt that it was not legally entitled to." *Id.*   In fact, Plaintiffs' claim is buttressed only by conclusory allegations that fail to put Defendants on notice of any specific alleged violation.   "A plaintiff bringing a claim under § 559.72(9) must plead that the defendant possessed actual knowledge that the debt is illegitimate or asserts a legal right that does not exist." *Owens v. Ronald R. Wolf & Associates, P.L.*, 13-61769-CIV, 2013 WL 6085121, at *4 (S.D. Fla. Nov. 19, 2013) (plaintiff's conclusory allegations failed to demonstrate actual knowledge sufficient to state a claim under Fla. Stat. § 559.72(9)).   Moreover, as argued, *supra*, OWB is not a debt collector.

Accordingly, because Plaintiffs' claim is not supported by the facts necessary to establish their claim, the FCCPA claim must be dismissed with prejudice. *See Reese*, 686 F. Supp. 2d at 1309, 1312 (dismissing FCCPA claims with prejudice where borrower only asserted labels and conclusions and did not plead facts regarding creditor's knowledge of alleged illegitimate debt).

---

[13] Plaintiffs also recite the statutory language of §559.715 and claim it was a condition precedent to the foreclosure action. However, "[t]here is no separate cause of action for violation of this statute." *Renfrow v. First Mortgage Am., Inc.*, 08-80233-CIV, 2011 WL 2416247, at *5 n.1 (S.D. Fla. June 13, 2011); *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 f. Supp. 2d 1356, 1364 (M.D. Fla. 2007).

     **5)**     **FDUTPA**

In Count V, Plaintiffs attempt to state a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). Plaintiffs' FDUPTA claim, however, amounts to nothing more than a claim for wrongful foreclosure. For example, Plaintiffs state that Defendants "were not the proper party to sue", "prematurely filed foreclosure suit," "the Final Judgment is unlawful and void on its face," and that the "filing of a baseless foreclosure complaint constitute[s] a deceptive business practice" (Doc. 11, at 12-13).

To state a cause of action under FDUTPA, a consumer must allege sufficient facts to show he was actually aggrieved by an unfair or deceptive act committed by the seller in the course of trade or commerce. *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004). Thus, the Plaintiffs must show: 1) a deceptive act or unfair practice, 2) causation, and 3) actual damages. *Hap v. Toll Jupiter Ltd. Partnership*, 2009 WL 187938, at *9 (S.D. Fla. Jan. 27, 2009) (citing *Tuckish*, 337 F. Supp. 2d at 1320).

Plaintiffs must establish an act committed in the course of trade or commerce. *See* Fla. Stat. § 501.204(1); *see also Merrill Lynch Business Fin. Servs., Inc. v. Performance Machine Sys. USA*, No. 04-60861-CIV-Martinez, 2005 WL 975773, at *8 (S.D. Fla. Mar. 4, 2005). Trade or commerce is "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). Courts have found no trade or commerce in cases involving mortgage loan servicing, like the instant matter. *See Trent v. MERS, Inc.*, 618 F. Supp. 2d 1356, 1365 (M.D. Fla. July 20, 2007) (pre-suit communications by the note holder were not "trade or commerce" because they did not "advertise, solicit, provide, offer or distribute anything"); *see also Hughes Supply, Inv. v.*

*Continental Recovery Servs. Corp.*, No. 6:07-cv-1009-Orl-31KRS, 2007 WL 2120318, at *2 (M.D. Fla. July 23, 2007) (no FDUTPA claim because defendant was not "the purchaser of any good or service, or thing of value that the [p]laintiff advertised, solicited, provided, offered, or distributed").

While Plaintiffs have failed to plead sufficient facts to demonstrate any unfair or deceptive practice, neither have they pled how the alleged deceptive practice actually resulted in damages. *See Lydia Security Monitoring, Inc. v. Alarm One, Inc.*, 2007 WL 2446889, at *5 (S.D. Fla. Aug. 23, 2007) (Dismissing with prejudice party's FDUPTA claim where party merely stated that he "suffered damages" and failed to allege what caused that damage). "Actual damages" under FDUTPA means the diminished value of goods or services received. *See Nat'l Alcoholism Programs/Cooper City, Fla., Inc. v. Palm Springs*, 825 F. Supp. 299, 304 (S.D. Fla. 1993). Consequential damages are not available. *See id.; see also Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 7 (Fla. 4th DCA 2009). In short, Plaintiffs cannot present any evidence that (1) OWB engaged in unfair or deceptive trade practices in the course of trade or commerce; that (2) Plaintiffs were aggrieved by such unfair or deceptive trade practices; and that (3) Plaintiffs suffered damages as a result of such practices. Plaintiffs can provide no set of facts that would show that OWB engaged in unfair or deceptive practices, and as a result, Plaintiffs' FDUPTA claim is due to be dismissed with prejudice.

**6)    Intentional Infliction of Emotional Distress**

In Count VI, Plaintiffs attempt to state a claim for intentional infliction of emotional distress. However, Plaintiffs again fail to state a claim upon which relief may be granted. This claim is based on alleged violations of their contractual agreements, namely the Note and Mortgage. Consequently, Count VI cannot lie.

It is well established that breach of contractual terms may not form the basis for a claim in tort. Where damages sought in tort are the same as those for breach of contract, a plaintiff may not circumvent the contractual relationship by bringing an action in tort. *See Zaki Kulaibee Establishment v. McFlicker*, 788 F. Supp. 2d 1363, 1379 (S.D. Fla. 2011) (citing *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994)).[14]   Accordingly, Plaintiffs' Count VI claim is contractual in nature and, as a matter of law fails to state a cause of action upon which relief may be granted.

### 7)   Declaratory Judgment

Plaintiffs' preliminary statement seeks declaratory relief without citing any statute or point of law under which they seek relief. To the extent Plaintiff is seeking relief under The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. (the "Act"), this Court has broad discretion to decline to exercise jurisdiction. The Act provides that the Court "may" declare the rights and other legal relations of the parties. 28 U.S.C. § 2201(a). When determining whether to exercise its discretion, this Court should consider whether there is a pending state action. Where there is a pending state action involving the same dispute, the Court has broad discretion to dismiss a claim under the Act.

In *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), the Supreme Court evaluated whether a federal court should refrain from exercising its discretion under the Act in favor of an actual or potential state court litigation involving the same parties and issues. In that case, the Supreme Court encouraged federal courts to dismiss such declaratory judgment

---

[14] *See also Casa Clara v. Charley Toppino & Sons*, 620 So. 2d 1244, 1246 (Fla. 1993) (purely economic losses are not recoverable in tort); *AMF Corp. v. Southern Bell*, 515 So. 2d 190 (Fla. 1987) (absent personal injury or property damage contract law is more appropriate than tort law in economic loss cases); *Aetna v. Therm-O-Disc*, 511 So. 2d 992 (Fla. 1987) (no cognizable tort damages are sustained absent personal injury or physical property damage); *F.P.L. v. Westinghouse Electric*, 510 So. 2d 899 (Fla. 1987) (contract principles are more appropriate than tort principles for resolving economic losses, Florida law does not allow recovery in tort without a claim for personal injury or property damage).

requests.  *See id.*  As Justice Frankfurter wrote, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by Federal law, between the same parties." *Id.*  Accordingly, the Court declined the plaintiff's request to "[g]ratuitous[ly] interfere[] with the orderly and comprehensive disposition of … state court litigation." *Id.*

The Supreme Court also provided several factors to be considered, with the focus being primarily on "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."  *See id.*; *see also Wilton v. Seven Falls Co.,* 515 U.S. 277, 288-90 (1995).  Here, Plaintiffs ask the Court for a determination that the State Foreclosure Action was wrongful.  It would be improper for the Court to supervise, much less supplant, the authority of state court judges concerning the validity and enforceability of the Note and Mortgage.  Florida's trial and appellate judges are best positioned to review the evidentiary mechanics of foreclosure in the Caveros' foreclosure action.  Accordingly, the Court should dismiss the Plaintiffs' request for declaratory judgment.

## IV. CONCLUSION

WHEREFORE, Defendant OneWest Bank FSB respectfully requests the Court dismiss Plaintiffs' action with prejudice, and such further and additional relief as the Court deems just and appropriate.

Respectfully submitted this 19th day of February, 2014.

/s/Hope T. Cannon
Hope T. Cannon (FBN: 95542)
Richard K. Vann, Jr. (FBN: 100062)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone: (205) 521-8000
Facsimile:  (205) 521-8800
hcannon@babc.com
rvann@babc.com

ATTORNEYS FOR DEFENDANTS ONEWEST BANK FSB, AND INDYMAC MORTGAGE SERVICES, AN UNINCORPORATED DIVISION OF ONEWEST BANK.

## LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE

Counsel for Defendants has conferred with Counsel for Plaintiffs regarding the relief sought in this motion in a good faith effort to resolve the issues raised in this motion and has been unable to resolve the issues.

Dated this 19th day of February, 2014.

   /s/ Hope T. Cannon

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2014, I served the foregoing by U.S. Postal Service or by filing electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing:

Jennie G. Farshchian, Esq.
Jurado & Farshchian, P.L.
12955 Biscayne Blvd., Suite 328
North Miami, Florida  33181
jennie@jflawfirm.com

*Attorney for Plaintiffs*

Robert Alan Bouvatte, Jr., Esq.
David S. Rothenberg, Esq.
Conroy, Simberg
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida  33021
rbouvatte@conroysimberg.com
drothenberg@conroysimberg.com

*Attorney for Defendant Faith Dominique and Choice Legal Group*

George Kamuck
888 East Walnut Street
Pasadena, California  91101

Forest McKnight
888 East Walnut Street
Pasaedena, California  91101

Suchan Murray
888 East Walnut Street
Pasadena, California  91101

/s/ Hope T. Cannon
OF COUNSEL

22