148354

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

Case No.: 13-24307-CIV-COOKE /TURNOFF

LEONARDO CAVERO and LIDIA CAVERO,

  Plaintiffs,

v.

ONE WEST BANK FSB, INDYMAC
MORTGAGE SERVICES, CHOICE LEGAL
GROUP, P.A., FAITH DOMINIQUE EVERETT,
ESQ., JANE DOE, ESQ., GEORGE KAMUCK,
FOREST MCKNIGHT, and SUCHAN MURRAY,

  Defendants.

_____/

### DEFENDANTS', CHOICE LEGAL GROUP, P.A.'S, FAITH DOMINIQUE EVERETT'S, AND JANE DOE ESQ.'S, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, the Defendants, CHOICE LEGAL GROUP, P.A. ("Choice Legal"), FAITH DOMINIQUE EVERETT, ESQ. ("Everett"), and JANE DOE, ESQ. ("Doe") (collectively, the "Choice Legal Defendants"), by and through their undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, and hereby respectfully request that the Court dismiss, with prejudice, the Amended Complaint [D.E. 11]

filed by Plaintiffs, as it concerns the Choice Legal Defendants. In support thereof, the Defendants hereby incorporate the following Memorandum of Law:[1]

## MEMORANDUM OF LAW

### INTRODUCTION

1. The claims alleged in Plaintiffs', LEONARDO CAVERO and LIDIA CAVERO (collectively, the "Caveros" or the "Plaintiffs"), Amended Complaint [D.E. 11], categorically arise from the Defendants' prosecution of a foreclosure action against the Plaintiffs and purported attempts to collect a debt upon which Plaintiffs defaulted.

2. Although Plaintiffs nowhere contest that they failed to repay the funds they borrowed in connection with a Mortgage executed on September 4, 2007 (*see* **Exs. A & B** to Amended Complaint [D.E. 11]), they set forth in great detail the reasons why they believe that an Assignment of Mortgage (**Ex. D** to Amended Complaint [D.E. 11]) executed on September 24, 2009, was invalid and insufficient to support the Defendants' prosecution of a foreclosure action against them, and why they believe the foreclosure was otherwise improper. *See* Amended Complaint, at pp. 3-6. [D.E. 11].

3. The Plaintiffs also allege that Choice Legal failed to respond to a request for validation from the Plaintiffs, after having sent them a dunning letter attempting to collect on the debt owed by Plaintiffs. *Id.*, at ¶¶34-35.

4. Based solely on the foregoing allegations, Plaintiffs have asserted against the Choice Legal Defendants four (4) claims, only one of which is predicated upon federal law: violation of the federal Fair Debt Collection Practices Act ("FDCPA") (Count III); violation of

---

[1] Further, the Choice Legal Defendants hereby adopt and incorporate by reference the arguments set forth in **Sections III.A**, **III.B**, **III.D**, **III.E(4)**, **III.E(5)** and **III.E(7)** of the Motion to Dismiss and Incorporated Memorandum of Law ("One West's Motion to Dismiss") [D.E. 40] filed by co-defendant, One West Bank, FSB ("One West"), as such arguments are equally applicable to the Choice Legal Defendants.

2

the Florida Consumer Collections Practices Act ("FCCPA") (Count IV); violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count V); and Intentional Infliction of Emotional Distress (Count VI). In addition to being improperly brought in this action, rather than the underlying foreclosure, each Count fails on its own terms, for the reasons below.

## ARGUMENT

I.    MOTION TO DISMISS STANDARD.

When considering a motion to dismiss under Rule 12(b)(6), the Court should accept as true all well-pled factual allegations in the complaint and construe them in the light most favorable to the plaintiff – within reason. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, 'but we are not required to draw plaintiff's inference'") (citation omitted); *Castro v. Secretary of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006). While a complaint need not contained detailed factual allegations to survive a motion to dismiss, Federal Rule of Civil Procedure 8 requires that the pleader give a "short and plain statement showing that the pleader is entitled to relief," such as to give the defendant fair notice of what is alleged, and to raise the plaintiff's purported right to relief above a merely speculative level. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Sinaltrainal*, 578 F.3d at 1260-61. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(quoting Twombley*, 550 U.S. at 555). Although the courts are somewhat more liberal in construing the pleadings of *pro se* plaintiffs, "…even a *pro se* litigant must allege the essential elements of a claim for relief, and vague and conclusory allegations are insufficient to state a claim." *Michaels v. Satish*, 2011 WL 3439250, at \*2 (S.D. Fla. Jul. 18, 2011) (not

3

reported); *see also Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458, 459 (11th Cir. 2009) ("However, our 'duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]'") (citation omitted).

The Plaintiffs' allegations here fail to satisfy that standard, and further, there is no plausible construction of those allegations – or indeed, any conceivable set of facts Plaintiffs could allege – that would be sufficient to state a claim against the Choice Legal Defendants. As such, dismissal of the Amended Complaint [D.E. 6], with prejudice, is the appropriate remedy. *See Marshall County Bd. of Education v. Marshall County Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993) ("Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action").

Moreover, the statute of limitations is an affirmative defense that, under federal law, may be considered on a motion to dismiss where, as here, the facts appearing in Plantiffs' own pleadings establish its applicability. *Mayor's Jewelers, Inc. v. Meyrowitz*, 2012 WL 2344609, at *2 (S.D. Fla. Jun. 20, 2012) (not reported) ("However, if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss") (*citing Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)). In addition, a court may dismiss the Complaint with prejudice upon an affirmative defense such as litigation privilege where the defense is "affirmatively and clearly" apparent on the face of the Plaintiffs' allegations. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1277 (11th Cir. 2004).

II. <u>NONE OF PLAINTIFFS' CLAIMS ARE PROPERLY BROUGHT IN THIS FORUM, AND PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE THE ASSIGNMENT REFERENCED IN THE AMENDED COMPLAINT.</u>

Primarily, the Court should dismiss the Plaintiffs' Amended Complaint [D.E. 11] because the federal courts are not the proper forum for this dispute, and the Plaintiffs had the opportunity to raise their claims in the underlying foreclosure action against them. It is abundantly clear that the purpose of Plaintiffs' action is to ask this Court to sit in review of a state foreclosure judgment, which is improper under the *Rooker-Feldman* doctrine. *See* One West's Motion to Dismiss, **Section III.A** [D.E. 40] (and cases cited therein). Moreover, each and every claim brought here by the Plaintiffs is a compulsory counterclaim to the state foreclosure action, and Plaintiffs are therefore precluded from pursuing them here. *See id.*, **Section III.D** [D.E. 40] (and cases cited therein). Plaintiffs cannot wait until a foreclosure judgment has been rendered against them, and <u>then</u> raise the instant issues, which are inextricably intertwined with the mortgagee's right to foreclose – moreover, Plaintiffs' arguments regarding the purportedly invalid Assignment (Ex. D to Amended Complaint [D.E. 11]) are baseless, even if they were properly presented here (which they are not).

Indeed, the Assignment upon which Plaintiffs rely for their claim (*see* Amended Complaint, at ¶¶94-95) was not material to the mortgagee's standing in the foreclosure action, because the promissory note executed by Leonardo Cavero is endorsed in blank, and therefore enforceable by its holder under Florida law, regardless of any assignment. Ex. A to Amended Complaint [D.E. 11], *see also* Fla. Stat. § 673.2051(2); *Isaac v. Deutsche Bank Nat'l. Trust Co.*, 74 So.3d 495, 496 (Fla. 4th DCA 2011); *Riggs v. Aurora Loan Services*, 36 So.3d 932, 933 (Fla. 4th DCA 2010) ("Aurora's possession of the original note, indorsed in blank, was sufficient under Florida's Uniform Commercial Code to establish that it was the lawful holder of the note,

5

entitled to enforce its terms"). Therefore, the Assignment supplies absolutely no basis for Plaintiffs' instant claims; it was entirely immaterial to the propriety of the underlying foreclosure action.

Moreover, the Plaintiffs are not parties to the Assignment at issue, and therefore have no standing to challenge it or to base their claims on the "Defendants' knowingly and intentionally violat[ing] Federal and State law"[2] or otherwise acting improperly by their purported reliance upon that Assignment. *See Harvey v. Deutsche Bank Nat'l. Trust Co.*, 69 So.3d 300, 304 (Fla. 4th DCA 2011) ("Even if Harvey could prove [that the signatures on the assignments were fraudulent], the dispute would be between AHMAI and Deutsche. Importantly, Harvey has never denied that she was in default as to her mortgage payments"). Accordingly, the Plaintiffs' attempt to predicate their claims on an agreement between other parties must fail, and the entirety of those claims should be dismissed with prejudice.

III. PLAINTIFFS' FDCPA CLAIM IS TIME-BARRED.

Importantly, the only basis for federal jurisdiction against the Choice Legal Defendants is a single claim that is time-barred. Plaintiffs' Amended Complaint [D.E. 11] alleges various actions taking place over the years 2009-2012, but alleges no actionable conduct taking place after November 22, 2012 – and their initial Complaint [D.E. 1] in this action was not filed until November 22, 2013.

Under the FDCPA, "[a]n action to enforce any liability created by this subchapter may be brought … within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) ("Jurisdiction"). The plain language of this section provides a one-year statute of limitations for actions under FDCPA. *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1310-1311 (S.D. Fla. 2009). Applying that language, the Eleventh Circuit Court of Appeals has held that the one-

---

[2] *See* Amended Complaint, at ¶95 [D.E. 11].

year period begins to run from the day after the alleged violation occurs, using the method of time calculation under Federal Rule of Civil Procedure 6(a). *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995).

Here, Plaintiffs' Amended Complaint alleges that Choice Legal initiated a foreclosure action against them in October, 2009, which was dismissed on June 7, 2011. D.E. 11, at ¶¶24, 31. The foreclosure action was then allegedly re-filed on August 2, 2012. *Id.*, at ¶32. These actions were predicated on a "suspicious" Assignment of Mortgage prepared in 2009. *Id.*, at ¶¶27, 28, 33; Ex. D to Amended Complaint. Choice Legal allegedly sent Plaintiffs a dunning letter on August 9, 2012, to which Plaintiffs responded on August 13, 2012, requesting validation of the debt. *Id.*, at ¶34. After that date, according to Plaintiffs, "Marshall C. Watson, P.A. never responded to Plaintiff [*sic*] validation request and continued its collection activities in a full violation of the F.D.C.P.A. 1692g." *Id.*, at ¶35. Plaintiffs therefore allege no actionable conduct occurring after Choice Legal purportedly commenced the second foreclosure action on August 2, 2012, and failed to respond to their request for validation, also in August, 2012.[3]

In the context of collections lawsuits, this Court has held that the statute of limitations begins to run on the date that the underlying lawsuit is served, which Plaintiff alleges occurred on August 16, 2012.[4] *Perez v. Bureaus Investment Group No. II, LLC*, 2009 WL 1973476, at *2

---

[3] Plaintiffs also filed, in the state court foreclosure action, a Notice of Dispute again requesting validation of the debt on September 4, 2012. Amended Complaint, at ¶54 [D.E. 11]. Any purported failure to respond to this second request is not a separate FDCPA violation from the collection lawsuit commenced despite the alleged failure to respond to Plaintiffs' August 13 request for validation — but even if it were, any such claim is similarly barred as a result of its accrual prior to November 22, 2012. *See, e.g., Typpi v. PNC Bank, N.A.*, 2014 WL 296035, at *4 (N.D. Ill. Jan. 27, 2014) (not reported) ("Because the FDCPA bars any debt collection activity until verification, a cause of action under Section 1692g(b) accrues when the debt is pursued prior to verification"); *Jones v. U.S. Bank, N.A.*, 2011 WL 814901, at *5 (N.D. Ill. Feb. 25, 2011) (not reported) ("As discussed above, a violation of § 1692g(b) occurs, and the statute of limitations begins to run, when an illegal debt collection activity takes place").

[4] Amended Complaint, at ¶36 [D.E. 11]; Ex. C thereto. *But see Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (holding that limitations period began to run on date complaint was filed). In this case, it is immaterial whether the limitations period is calculated from the date of service or the date of filing; Plaintiff waited more than a year from either date before commencing the instant action.

(S.D. Fla. Jul. 8, 2009) (not reported) ("Accordingly, the one-year statute of limitations began to run when Plaintiff was served in January 2008"). And although Plaintiffs allege additional conduct undertaken in March and May of 2013 (*see* Amended Complaint, at ¶¶56-57 [D.E. 11]) – apparently attempting to avoid the time-bar to their allegations – the Choice Legal Defendants' filing a list of exhibits and witnesses and appearing at a final hearing <u>in furtherance of the same collections proceedings</u> are not actionable violations distinct from the commencement of the lawsuit, as a matter of law. *See Farrell v. Patrick A. Carey, P.A.*, 2012 WL 6803654, at *3 (M.D. Fla. Dec. 19, 2012) (not reported) (*citing Ball v. Ocwen Loan Servicing, LLC*, 2012 WL 1745479, at *5 (N.D. Ohio May 16, 2012) (not reported) (appearing at court-ordered mediation not a separate violation); *Schaffhauser v. Burton Neil & Associates, P.C.*, 2008 WL 857523, at *2 (M.D. Pa. Mar. 27, 2008) ("The course of litigation is not, in itself, a 'continuing violation'"); *Calka v. Kucker, Kraus & Bruh, LLP*, 1998 WL 437151, at *3 (S.D. N.Y. Aug. 3, 1998) (amended complaint and summary judgment motions not separate violations)). Clearly, the entirety of circumstances alleged by Plaintiffs as constituting violations fall outside the statute of limitations under FDCPA, as they occurred more than one year prior to the Plaintiffs' filing their Complaint [D.E. 1] on November 22, 2013.[5]

As set forth above, the Court may consider this argument on the instant motion to dismiss, because the factual bases in support thereof are apparent on the face of Plaintiff's

---

[5] The allegations of Count III add nothing of substance to the general "Factual Allegations" section of Plaintiffs' Amended Complaint [D.E. 11], as that Count merely sets forth legal conclusions and recites the text of various other subdivisions of Section 1692. *See* D.E. 11, at ¶¶68-71. Although these allegations are clearly insufficient to meet the federal pleading standard (*see* **Section I**, *supra*), the Choice Legal Defendants emphasize that the statute of limitations would bar any well-pled claims under FDCPA for the conduct alleged by Plaintiffs, even re-cast as different violations. Dismissal with prejudice is therefore the appropriate course. *See, e.g., Farrell*, 2012 WL 6803654, at *4 ("Although the statute of limitations finding is dispositive as to Count I, it is also correct that Plaintiff has not pled sufficient allegations to support a plausible claim under these provisions. While Plaintiff asserts, in conclusory fashion, that Defendants violated these provisions by false representation and by attempting to collect an amount not authorized by the agreement, there are no underlying factual allegations as to any false representations made or attempts at collecting unauthorized amounts").

Amended Complaint [D.E. 11].  *See, e.g., Perez*, 2009 WL 1973476, at *4; *Farrell*, 2012 WL 6803654, at *3, 5 (dismissing second amended complaint with prejudice, "as the defect relating to the statute of limitations is definitive and the operative complaint is not susceptible to amendment…").  As in *Farrell*, the Court should dismiss Plaintiffs' FDCPA claim with prejudice,[6] because Plaintiffs claim is time-barred.

IV. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY LITIGATION PRIVILEGE, AND EACH ALSO FAILS ON ITS OWN TERMS.

    a. **Florida's Litigation Privilege Bars the Plaintiffs' Claims, Which All Arise from the Prosecution of a Foreclosure Action.**

Pursuant to the settled law of this state, "[a]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding … so long as the act has some relation to the proceeding."  *See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007) (*quoting Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994)).  That absolute privilege does not depend on whether the cause of action arises out of statutory or common law, and it bars all liability for actions taken in the course of and related to judicial or quasi-judicial proceedings.  *See Echevarria*, 950 So.2d at 384 ("The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin"); *Gandy v. Trans World Computer Technology Group*, 787 So.2d 116, 119 (Fla. 2d DCA 2001) (applying privilege to statements made in course of EEOC proceedings).  The privilege continues to apply in post-judgment proceedings, so long as the acts in question are "related to the judicial proceedings."  *See, e.g., LatAm Investments, LLC v. Holland & Knight*,

---

[6] The Choice Legal Defendants believe that the entirety of state law claims should also be dismissed with prejudice, for the reasons set forth in greater detail herein.  In the event that the Court dismisses Count III (FDCPA) as against the Choice Legal Defendants with prejudice, however, the Court may also decline to exercise supplemental jurisdiction over the state law claims against the Choice Legal Defendants, and dismiss those claims without prejudice.  *See, e.g., Farrell*, 2009 WL 6803654, at *5; 28 U.S.C. § 1367(c)(2).

*LLP*, 88 So.3d 240, 242 (Fla. 3d DCA 2011).  The privilege also applies whether the state law claims are asserted in state or federal court.  *See, e.g., Perez*, 2009 WL 1973476, at *3 ("Finally, numerous courts have held that the litigation privilege extends beyond suits in state court, and have applied it to FCCPA claims brought in federal court").

Turning to the allegations of the Amended Complaint, it is clear that the Plaintiffs have not alleged any conduct on the part of the Choice Legal Defendants that is outside the scope of this litigation immunity.  To the contrary, Plaintiffs maintain that the Defendants have "created and caused suspicious documents to be filed into the public records of Miami-Dade County and into the State Court giving the appearance that there is a legal foreclosure going on…," filed complaints for foreclosure against the Plaintiffs based upon such documents, and prosecuted the foreclosure actions.[7]  The entirety of the alleged wrongful conduct undertaken by the Choice Legal Defendants occurred during the course of the foreclosure proceedings in which they represented the mortgagee One West, and there is no real dispute that the entirety of those actions alleged actions were related to those proceedings.

Therefore, no action lies for such conduct, whether or not there is any veracity to Plaintiffs' allegations – which there is not.  *See, e.g., Fernandez v. Haber & Ganguzza, LLP*, 30 So.3d 644, 646-47 (Fla. 3d DCA 2010) (affirming summary judgment to defendants, notwithstanding that "…we believe that Ganguzza and his firm abused the legal process…").  As is clear, Florida's absolute litigation privilege applies to any and all conduct undertaken by the Choice Legal Defendants in connection with the foreclosure action.  As a result, all of the Plaintiffs' claims arising from Florida law (*see* Amended Complaint, Counts IV-VI [D.E. 11])

---

[7]  *See* Amended Complaint, at ¶¶17, 24, 27-28, 31-33 [D.E. 11].

must fail, and a dismissal with prejudice should be entered thereon, in favor of the Choice Legal Defendants.

      **b.    FCCPA Does Not Create A Private Right of Action for the Violations Alleged in Count IV.**

As noted above, Florida's absolute litigation privilege is applicable to the Plaintiff's claims under state statutory law, including FCCPA. *See, e.g., Gaisser v. Portfolio Recovery Associates, LLC*, 571 F.Supp.2d 1273, 1279-80 (S.D. Fla. 2008) (applying absolute litigation privilege to claim under FCCPA); *Pack v. Unifund CCR Partners, G.P.*, 2008 WL 686800, at *6 (M.D. Fla. Mar. 13, 2008) (FCCPA claim arising solely from filing of state court lawsuit held subject to privilege).

Moreover, there is simply no private right of action for Plaintiffs' theory of this case. Plaintiffs allege that "[d]efendants violated §559.72(9) by claiming, attempting, or threatening to enforce a debt knowing that the debt was not legitimate. <u>Defendants continue to collect the alleged deb [*sic*] in dispute without proper verification</u>." Amended Complaint, at ¶76 (emphasis added) [D.E. 11]. Apparently, Plaintiffs are claiming that the Defendants' alleged violation of Section 559.715 in failing to verify the debt constitutes a violation of Section 559.72, for which there <u>is</u> a private right of action.[8]  Plaintiffs' attempt to circumvent the statutory scheme is

---

[8]    It is settled that there is no independent private right of action for violations of Section 559.715. *Renfrow v. First Mortgage America, Inc.*, 2011 WL 2416247, at *4, n.1 (S. D. Fla. Jun. 13, 2011) (not reported) (*citing Pack v. Unifund CCR Partners, G.P.*, 2008 WL 686800, at *2, n.2 (M.D. Fla. Mar. 13, 2008) (not reported)).  To the extent that Plaintiffs' Count IV could even be construed to include other alleged conduct within its conclusory averment in the first sentence of paragraph 76 (*see supra*), such a conclusion is supported by no well-pled allegations to show that Choice Legal Defendants' knowledge that the underlying debt was not legitimate – nor even any allegation that the debt was actually illegitimate.  *See McCorriston v. L.W.T., Inc.*, 536 F.Supp.2d 1268, 1279 ("In contrast to the FDCPA, Plaintiff must prove, as part of the prima facie case alleging a violation of the FDCA, that Defendants had *actual knowledge* that their claim of a right to enforce the debt was time-barred") (emphasis in original); *Bentley v. Bank of America, N.A.*, 773 F.Supp.2d 1367, 1373 (S.D. Fla. Mar. 23, 2011).  To the contrary, Plaintiffs appear to concede the underlying debt.  *See* Amended Complaint, at ¶22 [D.E. 11] ("Plaintiff's alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes").  Because it is clear that there is no set of facts Plaintiffs could allege in support of such a claim (hence their reliance on alleged collection activities undertaken without complying with Section 559.715), dismissal with prejudice of the

unavailing, because it is clear that the Florida Legislature did not intend to create a right of action for violations other than those set forth in Section 559.72.[9] *Thomas v. Commercial Recovery Systems, Inc.*, 2008 WL 5246296, at *4 (M.D. Fla. Dec. 1, 2008) (not reported) ("The FCCPA creates a civil remedy only for a violation of § 559.72 … The plaintiff fails to show a legislative intent to provide a civil remedy for violation of [Section 559.715]"); *see also Conner v. BCC Financial Mgmt. Services, Inc.*, 489 F.Supp.2d 1358, 1360-61 (S.D. Fla. 2007) (holding that failure to comply with registration provision of FCCPA, Section 559.553, does not constitute a violation of Section 559.72(9)); *Garcia v. Law Offices of Joes Cardis, LLC*, 2007 WL 2671291, at * 1-2 (S.D. Fla. Sept. 7, 2007) (not reported) (same).

Dismissal with prejudice is appropriate as to Count IV, because Plaintiff's reliance on Section 559.715 makes clear that they cannot allege an actual, knowing violation of Section 559.72(9) for any of the conduct set forth in the Amended Complaint [D.E. 11].

### c.     FDUTPA Does Not Apply to the Conduct Alleged in Count V, Which is Not "Trade or Commerce."

The offenses that Plaintiffs allege the Choice Legal Defendants committed in contravention of Florida's Deceptive and Unfair Trade Practices ("FDUTPA") are categorically not actionable as violations of the Act.  This is because none of the alleged actions were undertaken in the course of "trade or commerce," within the meaning of § 501.204(1).[10]  Section

---

FCCPA count is proper.  *See, e.g., Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1310-1312 (S.D. Fla. 2009) (dismissing FCCPA claims with prejudice, where pleadings alleged no facts to support conclusory assertions of knowledge).

[9]     Similarly, Plaintiffs parrot the text of 12 U.S.C. §§ 5531 & 5536 to allege that Defendants have committed a violation of the Dodd-Frank Act (*see* D.E. 11, at ¶60); however, the cited provisions make clear their intent to authorize only the "Consumer Financial Protection Bureau [to] take any action to prevent" violations of the Act.  Again, Plaintiffs have no private right of action under this theory, and any alleged Dodd-Frank violation should be dismissed with prejudice.

[10]    "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful" (emphasis added).

501.203, FDUTPA's definitional section, provides that "'trade or commerce' means the advertising, soliciting, providing, offering or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." *See also Hughes Supply, Inc. v. Continental Recovery Services Corp.*, 2007 WL 2120318, at *2 (M.D. Fla. Jul. 23, 2007) (not reported).  As courts interpreting the statute have held, this definition does not encompass the processing of foreclosure actions, nor any conduct undertaken in connection with collections efforts.  *Williams v. Nationwide Credit, Inc.*, 890 F.Supp.2d 1319, 1321 (S.D. Fla. 2012) ("Several courts have held that debt collection activities are not 'trade or commerce' for FDUTPA purposes") *(citing State, Office of Attorney General v. Shapiro & Fishman, LLP*, 59 So.3d 353, 356 (Fla. 4th DCA 2011); *Law Office of David J. Stern, P.A. v. State*, 83 So.3d 847, 850 (Fla. 4th DCA 2011); *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d 1356, 1365, n.12 (M.D. Fla. 2007) ("The Court agrees with MERS that under the plain language of the statute, MERS did not 'advertise, solicit, provide, offer or distribute' anything")).

The Plaintiffs' own allegations make clear that their FDUTPA claims are based on purported activities in support of collections, not any conduct which could be characterized as "trade or commerce."[11]  *See* Amended Complaint, at ¶87 [D.E. 11] ("Such acts, the wrongful attempts to collect on the note, and the filing of a baseless foreclosure complaint constitute a deceptive business practice and are unconscionable as per se violations of a variety of consumer protections laws…") (emphasis added); *see also* ¶84.  Because FDUTPA simply does not apply

---

[11]  That there may have been some commercial dealings between the lender and the Plaintiffs at the time the loan was originally made does not render subsequent efforts and judicial actions by the Choice Legal Defendants to collect on behalf of their client "trade or commerce."  *See, e.g., Baker v. Baptist Hospital, Inc.*, 115 So.3d 1123, 1125 (Fla. 1st DCA 2013).

to the conduct alleged in this action, dismissal with prejudice of the Choice Legal Defendants is appropriate as to Count V.

> **d.     The Conduct Alleged in Count VI Does Not Rise to the Level of "Outrageous," and Does Not Support Intentional Infliction of Emotional Distress.**

Finally, dismissal with prejudice is also proper as to Plaintiffs' claim for intentional infliction of emotional distress. Beyond Count VI being barred by the litigation privilege, as set forth above, the Plaintiffs cannot satisfy the elements of that tort, under Florida law.

In order to state a claim for intentional infliction of emotional distress, Plaintiffs must allege that (1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Clemente v. Horne*, 707 So.2d 865, 866 (Fla. 3d DCA 1998). It is for the trial court to determine, in the first instance and as a matter of law, whether the alleged conduct may be reasonable regarded as so extreme and outrageous as to satisfy prong (2) of the foregoing test. *Paul v. Humana Medical Plan, Inc.*, 682 So.2d 1119, 1122 (Fla. 4th DCA 1996) (citation omitted).

Plaintiffs' allegations tacitly acknowledge the fatal defect in Count VI, by asserting that "Defendants' go far beyond those of pursuing its purported economic interests." Amended Complaint, at ¶92 [D.E. 11]. The Choice Legal Defendants' alleged conduct, however, went no further than prosecuting a foreclosure action as contractually provided in the Mortgage executed by Plaintiffs (*see* Ex. B to Amended Complaint [D.E. 11]) , which of course had the foreseeable consequence of depriving the Plaintiffs of their home (as a result of their own failure to pay their

debt). Choice Legal and its employees had a legal right to represent One West in the foreclosure proceedings, which sought only to vindicate the mortgagee's contractual rights through legal channels; such conduct is by definition not "outrageous," as a matter of well-established Florida law. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 279 (Fla. 1985);[12] *State Farm Mut. Auto. Ins. Co. v. Novotny*, 657 So.2d 1210, 1213 (Fla. 5th DCA 1995) ("It is not enough that the intent is tortious or criminal; it is not enough that the defendant intended to inflict emotional distress; and it is not enough if the conduct was characterized by malice or aggression which would entitle the plaintiff to punitive damages for another tort").

Just as the *Clemente* plaintiffs' anxiety and/or stress about being constructively evicted did not mean that the landlord's conduct was "outrageous" for purposes of this tort, the Plaintiffs' losing their home to foreclosure cannot render Choice Legal's seeking a judicial remedy on behalf of its client "outrageous." *See* 707 So.2d at 867. Count VI of the Amended Complaint [D.E. 11] should be dismissed, with prejudice.

WHEREFORE, the Defendants, CHOICE LEGAL GROUP, P.A., FAITH DOMINIQUE EVERETT, ESQ. and JANE DOE, ESQ., hereby respectfully request that the Court grant the instant motion, dismiss the Plaintiffs' Amended Complaint [D.E. 11], with prejudice, and order such other relief as is deemed equitable and just.

---

[12] "The conduct, although it would otherwise be extreme and outrageous, may be privileged under the circumstances. The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." (*quoting* Restatement (Second) of Torts, § 46 (1965) (emphasis added)).

CASE NO. 13-24307-CIV-COOKE /TURNOFF

DATED:  February 26, 2014.

                Respectfully submitted,

                  /s/ Robert A. Bouvatte, Jr.
                Dale L. Friedman, Esquire
                Florida Bar No.:  854646
                dfriedman@conroysimberg.com
                Robert A. Bouvatte, Jr., Esq.
                Florida Bar No.: 0071525
                rbouvatte@conroysimberg.com
                Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A.
                3440 Hollywood Boulevard, Second Floor
                Hollywood, FL 33021
                Tel.: 954-961-1400 Broward
                Fax.: 954-967-8577
                *Attorneys for Choice Legal Group, P.A., Faith Everett, and Jane Doe, Esq.*

CASE NO. 13-24307-CIV-COOKE /TURNOFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2014, the foregoing document was filed with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing was served this day on all counsel or parties of record on the Service List below, in the manner specified.

   s/ Robert A. Bouvate, Jr.
Dale L. Friedman, Esquire
Robert A. Bouvatte, Jr., Esquire

CASE NO. 13-24307-CIV-COOKE /TURNOFF

**SERVICE LIST**

*CAVERO, LEONARDO AND CAVERO v. ONE WEST BANK FSB, ET AL.*
Case No. 13-24307-CIV-COOKE /TURNOFF
United States District Court, Southern District of Florida

Jennie G. Farshchian, Esq.
Jurado & Farshchian, P.L.
12955 Biscayne Blvd., Suite 328
North Miami, Florida 33181
Tel.: (305) 921-0440
Fax.: (305) 921-0438
Email: Jennie@jflawfirm.com
*Attorney for Plaintiffs*
**Via CM/ECF electronic filing**


Hope T. Cannon, Esq.
Richard K. Vann, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 3203-2104
Tel.: (205) 521-8000
Fax.: (205) 521-8800
Email: hcannon@babc.com
         rvann@babc.com
*Attorneys for Defendants One West Bank
and IndyMac Mortgage Services*
**Via CM/ECF electronic filing**


George Kamuck
888 East Walnut Street
Pasadena, CA 91101
**Via First Class U.S. Mail**


Forest McKnight
888 East Walnut Street
Pasadena, CA 91101
**Via First Class U.S. Mail**


Suchan Murray
888 East Walnut Street
Pasadena, CA 91101
**Via First Class U.S. Mail**