UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LEONARDO CAVERO AND LIDIA
CAVERO,

    Plaintiff,

v.                                          Case No. 13-cv-24307-COOKE/TURNOFF

ONE WEST BANK FSB, INDYMAC
MORTGAGE SERVICES, CHOICE
LEGAL GROUP PA FAITH DOMINIQUE
EVERETTE, ESQ., ERIC DUENAS,
JANE DOE, GEORGE KAMUCK,
FOREST MCKNIGHT and SUCHAN MURRAY,

    Defendants.
_____/

## DEFENDANT ONEWEST'S REPLY TO PLAINTIFFS' RESPONSE TO ONEWEST'S MOTION TO DISMISS AMENDED COMPLAINT

    Defendant OneWest Bank FSB ("Defendant" or "OWB"), by and through its undersigned counsel, and pursuant to Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, hereby submits its Reply to Plaintiffs' Response (Doc. 55) to OWB's Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss") (Doc. 40).

### ARGUMENT

    In Plaintiffs' Response to the Motion to Dismiss (Doc. 55) (the "Plaintiffs' Response"), Plaintiffs claim that they are seeking relief prescribed under the Federal and Florida consumer protection statutes and that "[s]uch claims arise, not from the state court action to foreclose on the mortgage, but from Defendants' misrepresentations and unlawful and illegal debt collection activities prior to and during the foreclosure proceedings." [1] (Doc. 55, p. 2).  Plaintiffs attempt to

---

[1] In Plaintiffs' Response they state that, "Plaintiffs voluntarily withdraw their cause of action for Intentional Infliction of Emotional Distress (Count VI) as to [OWB]." (Doc. 55, at n.1).

1

divert the Court's attention from their thinly-veiled attack on the State Foreclosure Action is belied by the explicit allegations of their Amended Complaint.[2] Moreover, the very premise of their alleged "illegal debt collection activities" is the foreclosure action itself. The purported factual basis for all of Plaintiffs' claims is what occurred prior to and/or during the State Foreclosure Action, and that which is directly derived from the Note and Mortgage, which are the subject of the State Foreclosure Action. Plaintiffs admit this when they state that they are suing for "Defendants' misrepresentations and unlawful and illegal debt collection activities . . . **during the foreclosure proceedings**." (Doc. 55, p. 2) (emphasis added).

Moreover, even if Plaintiffs now claim that they are no longer seeking to invalidate the foreclosure proceedings[3], but instead are merely seeking damages for alleged violations of consumer protection statutes – their Amended Complaint nonetheless fails to state a claim as a matter of law. Plaintiffs' Response is insufficient to overcome Defendants' well-founded Motion to Dismiss because Plaintiffs have wholly failed to articulate any legal support for their claims, even assuming the facts they have alleged are true. Accordingly, Plaintiffs' Amended Complaint should be dismissed with prejudice.

A.   **The Amended Complaint is Barred by the *Rooker-Feldman* doctrine**

As stated in OWB's Motion to Dismiss, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine and Plaintiffs have stated nothing in their Response to conclude otherwise. "Although the Plaintiff[s] [have] couched several of [their] claims as violations of federal law,

---

[2] In their Amended Complaint, Plaintiffs state, *inter alia*, that "Defendants have conspired an committed suspicious activities in order to wrongfully foreclose. . . ."; that Defendants filed an Assignment of Mortgage "giving the appearance that there is a legal foreclosure going. . . ."; that "Defendants' were not the proper party to sue. . .[and] prematurely filed foreclosure suit against the Plaintiff despite having no contract between Defendants' and Plaintiffs"; and Defendants "had no right to foreclose and the Final Judgment s unlawful and void on its face." (Doc. 11, ¶ 16, 17, 84)

[3] (*See* Plaintiffs' Response, Doc. 55, p. 5)

what [they are] really asking is for this Court to review a final state court judgment." *Stephens v. Seidman*, 5:11-CV-16-OC-10KRS, 2011 WL 3156265, at *1 (M.D. Fla. July 26, 2011).

In their Response, Plaintiffs state that their claims revolve around "injuries not caused by the state court foreclosure judgment, but rather by the conduct of Defendant prior to the entry of that judgment." (Doc. 55, p. 6). That argument misses the point, which is that the injuries complained of allegedly occurred during the foreclosure action, and as a result of the foreclosure action. It is simply untenable for Plaintiffs to state that they are not seeking to attack or unpend the foreclosure judgment, when the allegations they are making are all aimed at what happened in those proceedings.

Just as one example, Plaintiffs claim that "Defendants caused suspicious and false documents to be filed **in the foreclosure proceeding**, including an assignment from MERS . . . ." (Doc. 55, p. 3) (emphasis added). However, courts have specifically held that *Rooker-Feldman* bars plaintiffs from attacking state court foreclosure judgments based on claims, similar to those raised here, asserting such judgments were obtained through false or "fraudulent" legal paperwork.[4] Such an allegation cannot the subject of a new action; rather, the proper place for Plaintiffs to have asserted such an allegation was in a Rule 1.540(b) motion to vacate.

---

[4] *See, e.g., O'Neal v. Bank of Am., N.A.,* 2012 WL 629817, at *1, 5 (M.D. Fla. Feb. 28, 2012) (dismissing putative borrower class action seeking to overturn state foreclosure judgments based on lender's supposed pattern of "submit[ing] false representations and filings to the Florida state courts in foreclosure actions and related proceedings:" *Rooker-Feldman* bars such claims "because, in order for any of Plaintiffs' claims to succeed, this Court would have to find that the documents submitted by BofA in support of the foreclosures—documents that form part of the very predicate for the state-court foreclosure judgments themselves—were fraudulent."); *Pennington v. Equifirst Corp.*, 2011 WL 322818, at *1, 5-6 (D. Kan. Jan. 31, 2011) (dismissing on *Rooker-Feldman* grounds borrowers' federal claims seeking to quiet title following entry of state foreclosure judgment against them: borrowers claimed the defendants lacked standing in the state proceeding because they had submitted "misleading affidavits" to the state court and their standing was predicated on "fabricated" note and mortgage assignments); *Orcutt v. Libel*, 381 Fed. Appx. 866, 868 (10th Cir. 2010) (affirming on *Rooker-Feldman* grounds dismissal of borrower's attempt to collaterally challenge state foreclosure judgments in federal court); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 165-68 (E.D.N.Y. 2010), *aff'd.*, 446 Fed. Appx. 360 (2d Cir. 2011) (dismissing borrower's federal complaint under *Rooker-Feldman,* wherein she sought to "undo the 2005 state court [foreclosure] judgment based upon what [she] argues was a pattern of allegedly fraudulent activity" involving defendants' submission of "fraudulent and perjurious documents . . . in other courts," as well as in her own earlier proceedings).

Plaintiffs cite the Sixth Circuit's decision in *Givens v. Homecomings Financial* for the proposition that *Rooker-Feldman* deprives a district court of jurisdiction only when the cause of the plaintiff's complaint is the state judgment itself. (Doc. 55, p. 6). Aside from the fact that *Givens* is not binding on this Court, the ruling in *Givens* actually <u>supports</u> OWB's Motion to Dismiss. In *Givens*, the borrower brought a federal suit against the loan servicer, and the attorneys who represented the mortgagee, based on alleged FDCPA violations for failing to provide him with sufficient verification of his debt. *See Givens v. Homecomings Fin.*, 278 F. Appx. 607, 608 (6th Cir. 2008). Yet, the *Givens* Court agreed with the defendant loan servicer that the Federal court lacked jurisdiction under *Rooker-Feldman* and that Givens' suit was otherwise barred by *res judicata* because the FDCPA claims were litigated, or could have been, in the state foreclosure proceeding. *Id.* at 609. Plaintiffs' reliance on *Givens* is misplaced.

Moreover, Plaintiffs' assertion that they only seek money damages instead of an outright overturning of the state-rendered judgment does not avoid the application of *Rooker-Feldman* because "to the extent Plaintiff[s] seeks money damages and not an explicit overturning of the state-court judgment, this does not change the Court's conclusion, as damages would only be available where there was a wrongful foreclosure." *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011) <u>aff'd,</u> 477 F. Appx. 558 (11th Cir. 2012).; *see also Perdomo v. HSBC Bank USA*, 2014 WL 1278132, at *4 (S.D. Fla. Jan. 13, 2014) (quoting *O'Neal* for the proposition that seeking money damages instead of outright overturning of the state-rendered judgment does not change the applicability of *Rooker-Feldman*); *Termarsch v. Michigan*, 809-CV-1829-T-17TGW, 2010 WL 76458, at *3 (M.D. Fla. Jan. 7, 2010) (relief sought by Plaintiff includes claim for money damages and the court finds the case is inextricably intertwined with the mortgage foreclosure proceedings and dismissed action under *Rooker-Feldman*).

4

Plaintiffs seek to have this Court enter a *post hoc* determination that the underlying debt is unenforceable as a result of an alleged invalid assignment of mortgage.  Such a finding, however, is completely contrary to the final judgment of foreclosure.  Because the success of their claims is premised on determinations by this Court that are contrary to the findings resulting in the final judgment of foreclosure, *Rooker-Feldman* prohibits these claims from going forward.  Simply put, the relief sought by Plaintiffs would require this Court to "nullify" the judgment entered by the state court, and is thus barred by *Rooker-Feldman*.  If Plaintiffs had grounds to challenge OWB's standing or the validity of the debt, the time for them to do so was during the course of their state court proceedings, in an appeal or in a motion for relief from judgment, and the only place to have done so was in the Florida state court system.  They simply may not pursue their claims in this Court.  Accordingly, Plaintiffs' action should be dismissed with prejudice under the *Rooker-Feldman* doctrine.

**B.      Plaintiffs' Claims Are Barred By Preclusion Principles**

Aside from *Rooker-Feldman,* Plaintiffs' claims challenging the earlier foreclosure judgment obtained by OWB against them are due to be dismissed based upon traditional preclusion principles, most notably *res judicata*.  Plaintiffs' claims challenging "enforceability of the underlying debt" are most certainly precluded under Florida law.  With respect to this action, there can be no doubt that *res judicata* bars Plaintiffs' claims.  By definition, they are the defendants against whom OWB brought a foreclosure action in Florida's state court, and against whom the state court entered a foreclosure judgment prior to the initiation of this action.  By bringing suit here against OWB to invalidate that earlier judgment based on allegations that amount to "wrongful foreclosure" and regarding an alleged invalid assignment of mortgage, they are seeking to re-litigate issues that were, or at least should have been, litigated in their earlier

5

state proceeding.  There is identity of parties and subject matter, and a prior judgment at issue. *Res judicata* requires no more, and thus applies to preclude this action.

Plaintiffs' citations to non-binding, irrelevant and unpersuasive authority are ineffectual. For instance, in *Peterson v. United Accounts, Inc.*, 638 F.2d 1134 (8th cir. 1981), the Court analyzed North Dakota law regarding a case involving a debt collection agency and the assignment a hospital creditor's claims.  In no manner does this case apply to the instant action. Further, in *Ayres v. National Credit Management Corp.*, the court examined whether in response to a borrower's FDCPA suit, a creditor could assert a counterclaim seeking payment on the debt owed by the plaintiff.  1991 WL 66845, at *1 (E.D. Penn. 1991).  The *Ayres* Court found that the <u>creditor</u> could permissively assert its counterclaim seeking repayment. *Id*.  None of Plaintiffs' cases support the argument that the instant causes of action are not precluded.   As argued in OWB's Motion to Dismiss, Plaintiffs' claims are compulsory counterclaims that are precluded from being asserted in this action. In this case, all of Plaintiffs' claims arise out of the Note and Mortgage, which are at the heart of the foreclosure action.[5]  Thus, there can be no dispute that Plaintiffs' claims are barred from being brought in the instant action.

## C.     Plaintiffs Have No Basis to Challenge the Assignment of Mortgage

Plaintiffs also challenge the assignment of mortgage on the grounds that it is invalid. That argument not only has no merit, but is another example of Plaintiffs' end around to attacking the foreclosure judgment.  Plaintiffs argue that because the assignment was invalid,

---

[5] *See In re Collado*, 09-32049-BKC-AJC, 2010 WL 3282595, at *2 (Bankr. S.D. Fla. 2010) ("Litigation of defenses and compulsory counterclaims, are part and parcel to the mortgage foreclosure action wherein the amount, validity, and entitlement to foreclose the debt were adjudicated. Thus, given that a final judgment has been entered by a State Court of competent jurisdiction, based on the doctrines of *res judicata* and collateral estoppel, Collado cannot now state a cause of action for fraud which should have been asserted by way of a compulsory counterclaim and or affirmative defenses in the foreclosure proceeding.")

Defendants violated the FDCPA by representing that they own the debt. That argument not only should have been made in the foreclosure action, but is contrary to the foreclosure judgment, the essence of which is premised on a valid debt and the Defendants' ability to enforce that debt.

Moreover, if Plaintiffs had asserted such a claim in the foreclosure action, it would have been rejected, as it should be here because the assignment of mortgage (Ex. D to Amended Complaint) which Plaintiffs' challenge was not the source of Defendants' standing to file the foreclosure action. It was OWB's status as a holder that entitled it to bring the foreclosure action. Accordingly, Plaintiffs' reliance on decisions from courts in other jurisdictions, which require an assignment to establish standing are inapplicable and do not support Plaintiffs' position. In Florida, "[s]ince the lien follows the debt, Florida does not require a plaintiff to attach a written or recorded assignment of the mortgage in order to pursue a foreclosure action." *Deutsche Bank Nat. Trust Co. v. Lippi*, 78 So. 3d 81, 85 (Fla. 5TH DCA 2012) (internal citation omitted).

Regardless, Plaintiffs do not have standing to make such claims because they are not parties to the assignment. Florida law is clear that borrowers do not have standing to challenge assignment of mortgage. *See Harvey v. Deutsche Bank Nat. Trust Co.*, 69 So. 3d 300, 304 (Fla. 4th DCA 2011). In *Harvey*, the Plaintiff argued that the validity the assignment of mortgage contained questionable signatures. *Id*. at 302. On appeal, the *Harvey* Court found that, "[e]ven if Harvey could prove [that the signatures on the assignment were fraudulent], the dispute would be between AHMAI and Deutsche. Importantly, Harvey has never denied that she was in default as to her mortgage payments." *Id*. at 304. Because the Caveros are not parties to the instant assignment of mortgage, they simply do not have standing to challenge the assignment. Accordingly, Plaintiffs' attempt to predicate their claims on an alleged invalid assignment of mortgage must fail and the entirety of those claims should be dismissed with prejudice.

**D. Plaintiffs Argument that OWB Violated the FDCPA or FCCPA is Unavailing.**

Even if Plaintiffs' claims were not barred by *Rooker-Feldman,* which they are, Plaintiffs' FDCPA claims are time-barred because they are subject to a one-year statute of limitations. *Boone v. JP Morgan Chase Bank,* 447 F. App'x 961, 965 (11th Cir. 2011)) (per curiam) (unpublished) (*quoting* 15 U.S.C. § 1692k(d)) ("An action under the FDCPA must be brought 'within one year from the date on which the violation occurs.'"). The one-year bar begins to run on the date the underlying lawsuit is served, which Plaintiffs allege occurred on August 16, 2012. (Doc. 11, ¶ 36); *Perez v. Bureaus Inv. Grp. No. II, LLC*, 1:09-CV-20784, 2009 WL 1973476, at *2 (S.D. Fla. July 8, 2009). Plaintiffs cannot rely on subsequent actions taken in furtherance of the foreclosure to bring their stale claims within the one-year limitations period. Such actions are not discrete from the filing of the lawsuit, and therefore cannot serve to establish a "pattern and course of conduct". *See Farrell v. Patrick A. Carey, P.A.,* 2012 WL 6803654, at *3 (M.D. Fla. Dec. 19, 2102) (collecting cases regarding "numerous courts have rejected the contention that an action taken in an existing state court collection proceeding is a 'new' violation or a continuing violation, for limitations purposes."). Because Plaintiffs did not file this action until November 26, 2013, their claims are time-barred and should be dismissed with prejudice.

Even if their claims were not time barred, Plaintiffs Response fails to provide the Court with any basis for allowing their FDCPA or FCCPA claims to succeed. Indeed, the Plaintiffs Response simply makes the conclusory statements that "Defendant's attempt to enforce a debt that was not legitimate and that it did not have the right to enforce"[6], that Defendant's "continued

---

[6] OWB is not a "debt collector", and as the Eleventh Circuit has stated, even if the filing of a foreclosure action were a "debt collection activity," there can be no violation when the bank has standing to foreclose. *See e.g. Trent v. MERS*, NO. 07-13911, 2008 WL 2697208, *1 (11th Cir. July 11, 2008) (holding that even if a foreclosing party engages in "debt collection activities" under the Collection Act, the foreclosing party does not violate section 559.72(9), if it has authority to file foreclosure actions").

efforts to collect on the alleged debt without a proper validation of that debt, and Defendant's use of false representations and deceptive means to collect on the alleged debt." (Doc. 55, p. 3, 15). Again the legitimacy of the debt has already been adjudicated by the state court, and even if it had not been, such conclusory statements, which are argument and not allegations in the complaint, do not state a cause of action under the FDCPA or FCCPA.

Fatally absent from the Amended Complaint and from Plaintiffs' Response are *specific factual allegations* which are essential to survive a motion to dismiss. In *Drew v. Rivera*, the Plaintiff claimed that Defendants violated the FDCPA and FCCPA by, among other things, falsely representing the character of a debt and continuing collection activity after failing to validate a disputed debt. *Drew v. Rivera*, 1:12-CV-9-MP-GRJ, 2012 WL 4088943, at *1 (N.D. Fla. Aug. 6, 2012) report and recommendation adopted, 1:12CV9-MP-GRJ, 2012 WL 4088871 (N.D. Fla. Sept. 17, 2012). The *Drew* defendants moved to dismiss the complaint, on several grounds, including under 12(b)(6). The Court dismissed the FDCPA and FCCPA claims with prejudice because the Plaintiff's allegations were vague and conclusory, merely recited statutory language, and failed to meet the pleading standard under *Twombly* and the Federal Rules. *Drew*, 2012 WL 4088943, at *2 (Drew recited statutory language of the FDCPA "without citing any facts as to how Defendant violated the statute. Both sections of Plaintiff's complaint that allege violations of the FDCPA and the FCCPA follow this threadbare format. Accordingly, Plaintiff's complaint is not well-pled and must be dismissed.")

Here, Plaintiffs fail to specifically plead any false representations, any deceptive representations, any misleading representations, or what means of collecting the Mortgage payments were meant to harass, oppress, or abuse any person. Plaintiffs' mere conclusions fail to rise above a speculative level. Accordingly, Plaintiffs' threadbare recitals of statutory

9

language are insufficient to surmount the well-reasoned argument in OWB's Motion to Dismiss. Accordingly, the Court should dismiss this action with prejudice.

E.      **Plaintiffs Allegations Do Not Constitute "Trade or Commerce" Under FDUTPA**

Without citation to any relevant authority, Plaintiffs claim that OWB violated FDUPTA "by engaging in unfair and deceptive practices in its attempt to collect a debt. . ." (Doc. 55, p. 18). Plaintiffs' citation to *Losure v. Capital One Servs., Inc.* is inapposite. *See* 2:05CV502FTM29SPC, 2006 WL 166520 (M.D. Fla. Jan. 23, 2006). In *Losure*, the Court found that the plaintiff, a credit card holder, had adequately plead a claim under FDUPTA where he alleged specific facts regarding knowledge of a satisfaction of a debt, and attempts to collect said debt in a harassing manner at his home and place of employment via letters and telephone calls. *See id*., at *3. Nowhere in the Amended Complaint or in Plaintiffs' Response do Plaintiffs provide any facts to support their FDUPTA claim.  In any event, notwithstanding FDUPTA's broad definition of "trade or commerce", courts in the Eleventh Circuit and Florida have clearly held that debt collection – such as the Defendants activities alleged here – does not fall within it. *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1322 (S.D. Fla. 2012); *Acosta v. James A. Gustino, P.A.*, 2012 WL 4052245, at *1 (M.D. Fla. Sept. 13, 2012) ("Therefore, the Defendants were not engaged in 'trade or commerce' when they sent demand letters and otherwise engaged in their debt collection efforts, and the Plaintiff has failed to state a claim for violation of FDUTPA.").  Because Plaintiffs can provide no set of facts to show that OWB engaged in unfair or deceptive practices, their FDUPTA claim is due to be dismissed.

**WHEREFORE**, for the foregoing reasons, as well as those set forth in OWB's Motion to Dismiss, Defendant OneWest Bank FSB respectfully requests the Court dismiss Plaintiffs' action with prejudice, and order such additional relief as the Court deems just and appropriate.

Respectfully submitted this 10th day of April, 2014.

/s/ Richard K. Vann, Jr.
Hope T. Cannon (FBN: 95542)
Richard K. Vann, Jr. (FBN: 100062)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone: (205) 521-8000
Facsimile:  (205) 521-8800
hcannon@babc.com
rvann@babc.com

ATTORNEYS FOR DEFENDANTS ONEWEST BANK FSB, AND INDYMAC MORTGAGE SERVICES, AN UNINCORPORATED DIVISION OF ONEWEST BANK

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2014, I served the foregoing by U.S. Postal Service or by filing electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing:

Jennie G. Farshchian, Esq.
Jurado & Farshchian, P.L.
12955 Biscayne Blvd., Suite 328
North Miami, Florida  33181
jennie@jflawfirm.com

*Attorney for Plaintiffs*

Robert Alan Bouvatte, Jr., Esq.
David S. Rothenberg, Esq.
Conroy, Simberg
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida  33021
rbouvatte@conroysimberg.com
drothenberg@conroysimberg.com

*Attorney for Defendant Faith Dominique and Choice Legal Group*

/s/ Richard K. Vann, Jr.
OF COUNSEL

11