```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2                     MIAMI DIVISION

 3        CASE NUMBER 13-24307-CIV-COOKE/TURNOFF

 4
    LEONARDO CAVERO and
 5  LINDA CAVERO,

 6            Plaintiffs,              Courtroom 11-2

 7     vs.                            Miami, Florida

 8  ONE WEST BANK FSB, et al.,        August 27, 2014

 9            Defendants.

10
           PROCEEDINGS ON THE MOTION TO DISMISS
11         BEFORE THE HONORABLE MARCIA G. COOKE
               UNITED STATES DISTRICT JUDGE
12

13  APPEARANCES:

14  FOR THE PLAINTIFFS:    STEVE REGAL, ESQ.
                           Steve Regal, P.A.
15                         6447 Miami Lakes Drive
                           Suite 103F
16                         Miami Lakes, Florida 33014

17
    FOR ONE WEST BANK:     HOPE T. CANNON, ESQ.
18                         Bradley Arant Boult Cummings, LLP
                           1819 Fifth Avenue North
19                         Birmingham, Alabama 35203
                                              205.521.8722
20                                     Fax:   205.448.6722

21
    FOR CHOICE LEGAL GROUP:  DALE L. FRIEDMAN, ESQ.
22                           Conroy Simberg Ganon Krevans & Abel
                             3440 Hollywood Boulevard
23                           2nd Floor
                             Hollywood, Florida 33021
24                                            954.961.1400
                                       Fax:   954.967.8577
25
```

```
 1   REPORTED BY:              GILDA PASTOR-HERNANDEZ, RPR, FPR
                               Official United States Court Reporter
 2                             Wilkie D. Ferguson Jr. US Courthouse
                               400 North Miami Avenue - Suite 13-3
 3                             Miami, Florida  33128    305.523.5118
                               gphofficialreporter@gmail.com
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**TABLE OF CONTENTS**

Page

Reporter's Certificate ..................................... 21

**EXHIBITS**

| Exhibits | Marked for Identification | | Received in Evidence | |
|---|---|---|---|---|
| Description | Page | Line | Page | Line |

```
1          (The following proceedings were held at 11:00 a.m.)

2               THE COURT:  Good morning.  We're on the record in

3     Cavero versus One West Bank, et al.

4               For the record appearing on behalf of the plaintiff?

5               MR. REGAL:  Good morning.  Steve Regal, Your Honor.

6               THE COURT:  And appearing on behalf of the defendant?

7               MS. CANNON:  Hope Cannon For One West Bank and IndyMac

8     Mortgage Services, Your Honor.

9               THE COURT:  All right.

10              MS. FRIEDMAN:  Dale Friedman, Your Honor, on behalf of

11    Choice Legal Group, Faith Everett and Jane Doe, Esq.

12              THE COURT:  All right.  There are two or rather there

13    are several motions to dismiss; Docket Entry Number 39, Docket

14    Entry Number 40 and Docket Entry Number 45.

15              Counsel, you represent which one of the defendants?

16              MS. CANNON:  I represent One West Bank and IndyMac

17    Mortgage Services, Your Honor.

18              THE COURT:  So those are Docket Entries Number 39 and

19    40.  And counsel, you represent?

20              MS. FRIEDMAN:  I represent Choice Legal.

21              THE COURT:  So that's Motion to Dismiss, Docket Entry

22    Number 45.

23              MS. FRIEDMAN:  That's correct.

24              THE COURT:  Counsel, you may start with the two docket

25    entries, Number 39 and 40.
```

Motion to Dismiss

1          MS. CANNON:  Your Honor, Number 39 I think can be

2   disposed of easily because we just received a filing today as we

3   were coming here.  They are voluntarily dismissing IndyMac

4   Mortgage Services.

5          THE COURT:  So that defendant has been voluntarily

6   dismissed.  All right.

7          MS. CANNON:  Is that correct?

8          MR. REGAL:  Yes, Your Honor.  Yes, that is correct.

9          THE COURT:  All right.  So we can proceed to Number 40.

10          MS. CANNON:  Yes.  And the only other housekeeping,

11   they also filed a motion, I mean, filed a notice of voluntary

12   dismissal this morning of Count 6, which is the intentional

13   infliction claim, as to all defendants.

14          THE COURT:  Okay.  All right, counsel, you may proceed.

15          MS. CANNON:  Okay.  Your Honor, on behalf of One West

16   Bank -- would you like me to come up there?

17          THE COURT:  Please.

18          MS. CANNON:  Okay.  Your Honor, on behalf of One West

19   Bank, we move to dismiss on several grounds.  The first ground

20   is what's called a Rooker-Feldman Doctrine.  We also move to

21   dismiss on res judicata grounds and that this Court doesn't have

22   jurisdiction because the claims here should have been brought as

23   compulsory counterclaims, that the court can abstain from

24   entertaining jurisdiction under the Colorado River Abstention

25   Doctrine.  And then also should the Court determine that it does

1   have jurisdiction, we move on the merits as well.

2           So I'd like to start off with the Rooker-Feldman

3   Doctrine.  And just as a brief procedural history, there's

4   actually a foreclosure action pending and --

5           THE COURT:  Is the foreclosure action pending now?

6           MS. CANNON:  Your Honor, the last time I checked the

7   docket yesterday, yes, it is still pending because the sale has

8   not gone through.  The buyers have I think filed either their

9   third or fourth bankruptcy which has stayed the foreclosure

10  sale.  It has been continued several times, with the latest

11  being set in July, but it has not gone forward.

12          THE COURT:  You may continue.

13          MS. CANNON:  With the foreclosure action, we believe

14  that what they're trying to do here and why Rooker-Feldman

15  applies is because they are actually -- for them to recover,

16  this Court would have to find that the final judgment of

17  foreclosure entered in favor of One West Bank was wrong, and

18  that is what makes Rooker-Feldman apply in this case.

19  Procedurally, Rooker-Feldman would apply because the action

20  we're here about today was brought after the final judgment of

21  foreclosure in the underlying State court action.

22          The Eleventh Circuit has defined specific elements for

23  Rooker-Feldman to apply.  There are basically four elements.

24          The first is that the parties be the same.  I don't

25  think there's a dispute that One West Bank and the Caveros were

Motion to Dismiss

7

1   the parties in the foreclosure action, and One West Bank and the

2   Caveros are the parties in this action.

3          The second is that the prior State court ruling was a

4   final or conclusive judgment.  I don't think there's any dispute

5   as to that either.  The May 2013 final judgment of foreclosure,

6   Your Honor, was a final judgment.  There was a rehearing.  It

7   was denied and there was no appeal made of that final judgment.

8          The third is that the party seeking relief had a

9   reasonable opportunity to raise the Federal claims in the State

10  court proceeding.  Your Honor, the borrowers were represented at

11  the State court foreclosure proceeding, and they did, in fact,

12  raise affirmative defenses.  They also filed a notice of

13  rehearing and they also, based on their Amended Complaint, filed

14  a notice of disputing the debt.  So they absolutely had the

15  opportunity and, in fact, did raise some of the claims that

16  we're here about today.

17         And Number 4, which I think is a crucial issue here, is

18  the issue before this Federal court inextricably intertwined

19  with the State court judgment.  And what the Eleventh Circuit as

20  well as two cases coming out of this circuit say, one in 2011, I

21  believe the other one in 2010, the Figuero case, those holdings

22  say that if you state a claim is inextricably intertwined with

23  the State court judgment, if in order for the plaintiff here to

24  recover, Your Honor would have to find that the State court

25  judgment was wrong.  It doesn't matter how --

Motion to Dismiss

1              THE COURT:  But have you not even finished in State

2      court?

3              MS. CANNON:  Well, no.  It's gone to final judgment.

4              THE COURT:  So all that hasn't happened is the sale.

5              MS. CANNON:  Yes, Your Honor.

6              THE COURT:  Okay.

7              MS. CANNON:  That's why Rooker-Feldman applies, because

8      there is a final judgment.

9              So if you look just at the element in their Amended

10     Complaint, here is what -- well, we'll looked at their Amended

11     Complaint and their Statement of Claim under the FDCPA, and

12     here's what they say and how you know that what they're trying

13     to do is get Your Honor to say that that judgment was wrong.

14              First of all, they talk about having filed a notice of

15     deceit in the foreclosure action and that the foreclosure

16     judgment went forward anyway.  They attack the assignment of

17     mortgage in the underlying foreclosure action.  They also claim

18     that One West Bank failed to provide evidence that it had

19     authority to bring the foreclosure action.  They also allege

20     that the verification of the Complaint -- they take issue with

21     that.

22              And then if you look at what they are seeking, even

23     though they don't come out and say, we are seeking to have Your

24     Honor invalidate the final judgment of foreclosure, so basically

25     appealing to this Court, which is not appropriate, they kind of

Motion to Dismiss

1   do it in a roundabout way.  They say, "Plaintiffs seek actual

2   damages if the property is sold."  So again, that goes to

3   attacking the underlying foreclosure judgment.

4       They say that "defendants attempt to foreclose was

5   wrongful because it was an alleged unverified debt."  Again,

6   attacking the foreclosure.

7       In paragraph 16 of their amended complaint, they talk

8   about defendants having conspired in order to wrongfully

9   foreclose.  In paragraph 17 they talk about the defendants

10  creating suspicious documents in order to make the appearance of

11  a legal foreclosure.  In paragraph 57 they say, "Plaintiff is

12  seeking actual damages because of the final hearing," and a

13  judgment was entered.

14      Then they talk about in paragraph -- their entire claim

15  under the fair or Deceptive Trade Practices Act, the Florida

16  Deceptive Trade Practices Act, that is all premised on the

17  foreclosure being void.

18      In paragraph 84F, they say, "The foreclosure is thereby

19  void."  In paragraph 84G they say, "As a matter of law,

20  defendants had no right to foreclose, and the final judgment is

21  unlawful and void on its face."

22      In paragraph 85 they say, "The defendants claim to be

23  the owner of the holder of the subject note," but they are not.

24  In paragraph 86 they say that plaintiffs have been damaged

25  because they are about to lose their real property and that

1    their credit was slandered by the wrongful foreclosure.   In

2    paragraph 87 they say that plaintiffs have been damaged by

3    wrongful attempts to collect the note, which is the filing of a

4    baseless foreclosure complaint.

5         So all of these allegations, if you look at the face of

6    their Amended Complaint, if you look at the statement on the

7    FDCPA claim, it is clear that under the Eleventh Circuit's

8    precedent, which is binding on this court, Rooker-Feldman

9    applies.   And what Rooker-Feldman says is, if Rooker-Feldman

10   applies because there's been a final judgment and because what

11   the plaintiffs are trying to do is ask this Court to determine

12   that that final judgment was wrong, then the Court does not have

13   jurisdiction to do that.   And jurisdiction, of course, is the

14   cornerstone of what the Court has to decide today.

15        We cited also several cases in our brief, Your Honor,

16   all from the Eleventh Circuit.   We also cited two cases out of

17   this Court, the Figuero case, which the judge in that case goes

18   through a lengthy discussion of why the Rooker-Feldman applies.

19   It's very similar.   It involved a final judgment of foreclosure.

20   And the Parker case, which is out of the Eleventh Circuit,

21   Rooker-Feldman applied, and that was to a TILA claim after a

22   final judgment had been entered.   The Velardo case, which we

23   cited, was also out of the Eleventh Circuit, and it's also a

24   TILA claim.   The Harper case, which is also out of the Eleventh

25   Circuit, the Court applied the Rooker-Feldman Doctrine to bar

Motion to Dismiss

1   violations of TILA, the ECOA and FDCPA.  And, of course, as Your

2   Honor knows, the TILA and FDCPA are in this case.

3           And, as I said, Figuero also involves that.  And in

4   Figuero, out of this court, it's interesting because the Court

5   goes on, really goes through an analysis to say, if what you are

6   seeking is to challenge the State court judgment and your just

7   thinly veiling it with new claims or however you want to do it,

8   it's still inextricably intertwined.

9           And in their response -- well, first I want to also

10  refer the Court to the Perdomo case, which is also out of the

11  Southern District, and in that case the Court applied

12  Rooker-Feldman to the FDCPA claim.

13          Now, the plaintiff's argument, Your Honor, is simply

14  that, look, we haven't said we want you to vacate the judgment.

15  But as I mentioned earlier, with all of their allegations, that

16  is in a sense their damage and what they are seeking and the

17  source of their injury, because all of their claims are premised

18  on whether or not the foreclosure was right, something that's

19  already been decided by the State court judge when that Court

20  entered the final judgment of foreclosure.

21          Plaintiffs actually don't even cite any Eleventh

22  Circuit opinion supporting their position on the inapplicability

23  of Rooker-Feldman.  And the cases they cite are from other

24  jurisdictions including the Sixth Circuit and the Eighth

25  Circuit, but in one of those cases the Court specifically said

Motion to Dismiss

1   that that jurisdiction doesn't apply the inextricably

2   intertwined standard which all of the Eleventh Circuit still

3   applies.  And even in Figuero, the Court talks about how the

4   plaintiff in that case tried to argue the Court no longer

5   applies inextricably intertwined and the Figuero Court said,

6   that's absolutely not true.  That is still the standard in the

7   Eleventh Circuit.  And under the inextricably intertwined

8   standard, it doesn't matter whether they actually raised the

9   claims before the State court.  The question is whether or not

10  they had the opportunity to raise them and should have or could

11  have raised them, which is true in this case.

12          So, Your Honor, we believe that this Court does not

13  have jurisdiction given the final judgment of foreclosure, the

14  allegations being alleged; and so the case, the action should be

15  dismissed as to One West Bank under the Rooker-Feldman Doctrine.

16          The doctrine of res judicata is very similar.  We've

17  got the same parties, we've got a final judgment and we've got,

18  in a sense, a preclusion effect.  And we also argue that as a

19  basis for finding that the case should be dismissed with

20  prejudice; and also because the prior decision was rendered by a

21  court of competent jurisdiction, which the State court was; and

22  whether there was a final judgment, and there was in May; and

23  then were the parties identical, and they are here; and whether

24  prior and present causes of action are the same or could have

25  been raised.  So very similar to why Rooker-Feldman would apply,

```
 1   the Court can also dismiss this action under principles of res

 2   judicata.

 3          THE COURT:  Let me hear from counsel from Legal Choice

 4   Group.

 5          MS. CANNON:  Okay.  Thank you, Your Honor.

 6          THE COURT:  I'm assuming your arguments are very

 7   similar, counsel?

 8          MS. FRIEDMAN:  Well, Your Honor, yes and no.  We have

 9   adopted the Rooker-Feldman argument and the compulsory

10   counterclaim argument, but we have some additional arguments.

11   And if the Court, rather than reiterating what counsel has said,

12   I just want to --

13          THE COURT:  If you'll give the additional ones that

14   aren't in that argument, counsel, I'd appreciate it.

15          MS. FRIEDMAN:  Yes, ma'am.

16          First of all, there are now three claims against my

17   clients, only one of which, the fair debt, is a Federal claim.

18   The other two are Florida claims; Florida Consumer Collection

19   Practices and the Florida Deceptive and Unfair Trade Practices.

20   So let's start with the fair debt.

21          The Fair Debt Collection Practices Act is a one-year

22   statute of limitations and it was long gone.  This is not even a

23   close call.  All of the allegations raised in the Second Amended

24   Complaint talk about actions that happened before they were

25   served with the second foreclosure Summons and Complaint in the
```

1    underlying foreclosure August 16, 2012.

2          As to when the statute of limitation begins to run, in

3    this Court, it isn't the date of filing.  It's the date they

4    were served.  They were served on the 16th.  So it starts to run

5    on August 17, 2012.  It expires at the latest August 17, 2013.

6    They filed this Complaint, Docket Entry Number 1, November 22,

7    2013.

8          So they missed the statute of limitations by months,

9    August 17th till November 22nd.  All of the claims stop in the

10   facts giving rise to their count on the date when they were

11   served with the Complaint.  All of the allegations in the Second

12   Amended Complaint -- there's no dispute the statute of

13   limitations has run on the Fair Debt Act.

14         What that means for this Court is, without the one

15   Federal claim against my clients, this Court could decline to

16   exercise supplemental jurisdiction over the two remaining State

17   claims.  But assuming this Court wishes to retain that

18   jurisdiction, the second argument is that my clients, for all of

19   the State claims, this action is barred by Florida's litigation

20   privilege.

21         Florida law, according to the Supreme Court in the case

22   of Echevarria, and the last pronouncement was in 2007, makes it

23   very clear there's absolute immunity for any act occurring

24   during the course of litigation or any act related to a judicial

25   proceeding.  In fact, a case out of the Third DCA, LatAm, that's

1   cited in our papers, has applied it to post judgment

2   proceedings.

3          Here, everything that is alleged, all of the

4   allegations occurred within the judicial proceeding.  Suspicious

5   assignment of mortgage, recording of the records, all of them

6   were related to or occurred within, and there is absolute

7   immunity for my clients with respect to all of those claims.

8          Similarly, beyond that, as to the claim under the

9   Florida Collections Act, substantively, they have cited to

10  Section 559.715, failing to verify the debt.  Except that

11  statute only allows a private cause of action for claims brought

12  under 559.72.  And I point the Court to the Thomas decision,

13  Middle District of Florida, cited in our papers at Note 4,

14  stating that there is no private cause of action for a claim

15  under 559.715, which is exactly the section plaintiffs point to.

16         And finally, as to the FDUTPA claim, Florida's

17  Deceptive and Unfair Trade Practices Act, again, there is

18  absolute immunity.  But beyond that, as to the substantive

19  claim, the offenses alleged are not actionable because in order

20  to fall under FDUTPA, it must constitute trade or commerce.

21         There were two cases cited that I want to bring the

22  Court's attention to; Hughes Supply, which is a case out of the

23  Middle District, and the State, Office of Attorney General

24  versus Shapiro & Fishman, where the Fourth DCA held, citing to

25  Trent, a Federal case, that allegations of wrongful attempts to

1    collect a debt such as a foreclosure and filing a baseless

2    foreclosure complaint do not constitute trade or commerce and,

3    therefore, they held in that that the attorney general's

4    subpoena was invalid.  And that case certainly applies to the

5    claims here.

6         Your Honor, just one quick comment that I think is

7    important to raise to the Court, on the Rooker-Feldman, if the

8    Court would please take a look at the Figueroa case where Judge

9    Altonaga does a very reasoned analysis of Rooker-Feldman.  And

10   there, just like here, you had a final judgment, they did not

11   appeal and filed the State court action subsequently.  That's

12   what we have here.  That potentially invokes Rooker-Feldman.  In

13   the Figueroa case they were also seeking monetary damages.  And

14   as the Court so wisely said, "Since monetary damages would only

15   be available if there was a wrongful foreclosure, Rooker-Feldman

16   certainly applies here."

17        So for the reasons of Rooker-Feldman, compulsory

18   counterclaims raised by co-counsel, litigation immunity, statute

19   of limitations as to the one Federal claim and all of the

20   substantive reasons raised, I ask this Court to grant our motion

21   to dismiss with prejudice.

22        Thank you, Your Honor.

23        THE COURT:  Thank you.  Counsel, can you give me any

24   reason why Rooker-Feldman doesn't apply?

25        MR. REGAL:  Rooker-Feldman doesn't apply, Your Honor,

```
 1   because we're not actually trying to invalidate the actual debt.

 2          THE COURT:  Then what are you trying to do?

 3          MR. REGAL:  We're just trying to recover under Federal

 4   and State actions for how the debt was collected.

 5          THE COURT:  So, in other words, you're just trying to

 6   do through the backdoor what you couldn't do through the front

 7   door?  All the things that you raised in your Federal lawsuit,

 8   you could have done at the same time that you had the

 9   foreclosure action.  These were all valid defenses at the time

10   that your client had the lawsuit in State court over the

11   foreclosure, and they chose not to bring, they chose not to

12   appeal.  So now that that action is final and you are literally

13   on the courthouse steps with the foreclosure, you now want to

14   drag everybody back into court and have a do-over?

15          MR. REGAL:  It's not a do-over, Your Honor.  I believe

16   that what we're claiming is just to get recovery for actual

17   damages in how it was collected, not the actual judgment or

18   anything like that.  A lot of times State courts do not even

19   entertain all these claims because they're Federal claims.

20          THE COURT:  Well, how do I know if you never brought

21   them?  There's no evidence before me that you somehow brought

22   them and the State court, for example, made short shrift of your

23   claims.  There's nothing to show that somehow the State court

24   judge treated your client discriminatorily, that there was

25   something wrong with the State court system.  You just didn't do
```

1  it.  So because your client failed below to act diligently, you

2  now come here and want the Federal court to do what your client

3  failed to do across the street, and that's exactly what

4  Rooker-Feldman doesn't allow.

5          MR. REGAL:  Yes, I understand, Your Honor.  But they

6  were pro se litigants when they filed this.  I mean, we just got

7  on it and maybe there were things that weren't pled exactly

8  correct and we've been dropping claims and things like that.  We

9  would just like the opportunity to have the Court adjudicate on

10 its merits.  And, you know --

11         THE COURT:  So would it not have been an appropriate

12 thing and, I don't know, I never engaged in a foreclosure

13 practice, but would the appropriate thing not have been to go

14 back to the State court and see whether or not there would have

15 been a way to reopen, motion to reconsider, et cetera, at the

16 State court and to say at that time, Judge, my clients were

17 unrepresented persons.  They didn't know something.  There was

18 something wrong with the judgment below.  Not now to come and

19 ask a Federal court judge to cast out a State court judgment

20 where the judge there really has no idea that your client may

21 have had all these issues with the proceedings below that

22 happened.

23         MR. REGAL:  I understand, Your Honor.  It's just

24 normally these things -- I used to do plaintiff foreclosure work

25 and a lot of times they were just kicked out.  These are things

1    that you file separately and whether they choose in State or

2    Federal court is kind of their choice.

3         THE COURT:  It's not really their choice.  I mean,

4    we've pretty much now had, particularly with what's going on in

5    Florida, a pretty good body of law now by my colleagues saying,

6    these types of cases are precluded by Rooker-Feldman.  It's not

7    like this is a mystery any longer.

8         MR. REGAL:  Okay.  I understand, Your Honor, but we're

9    just trying to collect on how it was collected, not the actual

10   or invalidate anything on the State judgment.  And we're just

11   asking for the chance to, you know, right the wrongs and

12   adjudicate on its merits.  And, you know, if it's incomplete --

13        THE COURT:  Well, I think the place to adjudicate on

14   the merits was across the street.  And if there was something

15   wrong that happened at the time that your client was

16   unrepresented, it would have been to move to appeal or to

17   somehow, under the State rules, to set aside that judgment, not

18   here.

19        MR. REGAL:  Well, we were just praying that Your Honor

20   would give us time to amend it and without prejudice to --

21        THE COURT:  I don't think there's anything for you to

22   amend.  There's no cause of action in Federal court.

23        This is a substantive foreclosure action that your

24   clients now are either unhappy with, literal buyer's remorse,

25   and I don't choose those words lightly, and they now want me or

Motion to Dismiss

1    one of my colleagues to now step in and do something about it

2    when they should have done something about it across the street;

3    either engage you or inform the Court across the street that

4    something was wrong with the proceedings.  I wasn't there.  I

5    mean, I appreciate the fact that you're trying to somehow assist

6    them, but this is not the forum.

7              MR. REGAL:  All right.  Your Honor, I just pray that we

8    have the time to amend without prejudice and we could fix these

9    things and drop the claims.  Some have already been dropped.

10             THE COURT:  I just don't think there's any claim in

11   Federal court for which your client would have a cause of action

12   on the foreclosure.  There's not one.  Thank you.

13             MR. REGAL:  Okay.

14             THE COURT:  Okay.  Defendant IndyMac Mortgage Services

15   has been dismissed, Docket Entry 139.  Defendant One West Bank's

16   motion to dismiss, Docket Entry Number 40, is granted pursuant

17   to Rooker-Feldman.  There's no cause of action here.  Any of

18   these claims should have been brought up appropriately in the

19   State court action and the same applies to Docket Entry Number

20   45.  These were either affirmative defenses or claims that

21   should have been there.  They're just not here.  And I can

22   appreciate counsel now wanting to litigate on behalf of his

23   client, but they're not here and I don't think denying or

24   allowing a motion to amend would change the landscape.

25             I wish you had been there for your clients with the

21

1   original foreclosure.  There might have been something you could

2   have done for them there, but there isn't here and there isn't

3   in Federal court and, unfortunately, thanks to the real estate

4   landscape of Florida, there's now plenty of case law from my

5   colleagues as to how you should proceed in these matters.  So

6   Docket Entry Number 40 and 45 is granted.

7        Thank you, counsel.

8        MS. CANNON:  Thank you, Your Honor.

9        MS. FRIEDMAN:  Thank you, Your Honor.

10        MR. REGAL:  Thank you.

11     (The hearing was concluded at 11:25 a.m.)

12

13             C E R T I F I C A T E

14     I hereby certify that the foregoing is an accurate

15   transcription of proceedings in the above-entitled matter.

16

17   _____11-13-14_____     _____
          DATE

18                          GILDA PASTOR-HERNANDEZ, RPR, FPR
                            Official United States Court Reporter
                            Wilkie D. Ferguson Jr. U.S. Courthouse
19                          400 North Miami Avenue, Suite 13-3
                            Miami, Florida  33128     305.523.5118
20                          gphofficialreporter@gmail.com

21

22

23

24

25

**A**

**Abel** 1:22
**about** 6:20 7:16 8:14 9:8,9,14,25 12:3 13:24 20:1,2
**above-entitled** 21:15
**absolute** 14:23 15:6,18
**absolutely** 7:14 12:6
**abstain** 5:23
**Abstention** 5:24
**according** 14:21
**accurate** 21:14
**across** 18:3 19:14 20:2,3
**act** 9:15,16 13:21 14:13,23,24 15:9,17 18:1
**action** 6:4,5,13,19,2 1 7:1,2 8:15 8:17,19 12:14,24 13:1 14:19 15:11,14 16:11 17:9,12 19:22 19:23 20:11,17,19
**actionable** 15:19
**actions** 13:24 17:4
**actual** 9:1,12 17:1,16,17 19:9
**actually** 6:4,15 11:21 12:8 17:1
**additional** 13:10,13
**adjudicate** 18:9 19:12,13
**adopted** 13:9
**affirmative** 7:12 20:20
**after** 6:20 10:21
**again** 9:2,5 15:17
**against** 13:16 14:15
**al** 1:8 4:3
**Alabama** 1:19
**allegations** 10:5 11:15 12:14 13:23 14:11 15:4,25
**allege** 8:19
**alleged** 9:5 12:14 15:3,19
**allow** 18:4
**allowing** 20:24
**allows** 15:11
**already** 11:19 20:9
**Altonaga** 16:9
**amend** 19:20,22 20:8,24
**amended** 7:13 8:9,10 9:7 10:6 13:23 14:12
**analysis** 11:5 16:9
**anything** 17:18 19:10,21
**anyway** 8:16
**appeal** 7:7 16:11 17:12 19:16
**appealing** 8:25
**appearance** 9:10
**APPEARANCES** 1:13
**appearing** 4:4,6
**applied** 10:21,25 11:11 15:1
**applies** 6:15 8:7 10:9,10,18 12:3 12:5 16:4,16 20:19
**apply** 6:18,19,23 12:1,25 16:24 16:25
**appreciate** 13:14 20:5,22
**appropriate** 8:25 18:11,13
**appropriately** 20:18
**Arant** 1:18
**argue** 12:4,18
**argument** 11:13 13:9,10,14 14:18
**arguments** 13:6,10
**aside** 19:17
**asking** 19:11
**assignment** 8:16 15:5
**assist** 20:5
**assuming** 13:6 14:17
**attack** 8:16
**attacking** 9:3,6
**attempt** 9:4
**attempts** 10:3 15:25
**attention** 15:22
**attorney** 15:23 16:3
**August** 1:8 14:1,5,5,9
**authority** 8:19
**available** 16:15
**Avenue** 1:18 2:2 21:19

**a.m** 4:1 21:11

**B**

**back** 17:14 18:14
**backdoor** 17:6
**Bank** 1:8,17 4:3,7,16 5:16,19 6:17,25 7:1 8:18 12:15
**bankruptcy** 6:9
**Bank's** 20:15
**bar** 10:25
**barred** 11:9
**based** 7:13
**baseless** 10:4 16:1
**basically** 6:23 8:24
**basis** 12:19
**before** 1:11 7:18 12:9 13:24 17:21
**begins** 14:2
**behalf** 4:4,6,10 5:15,18 20:22
**being** 6:11 9:17 12:14
**believe** 6:13 7:21 12:12 17:15
**below** 18:1,18,21
**beyond** 15:8,18
**binding** 10:8
**Birmingham** 1:19
**body** 19:5
**borrowers** 7:10
**Boulevard** 1:22
**Boult** 1:18
**Bradley** 1:18
**brief** 6:3 10:15
**bring** 8:19 15:21 17:11
**brought** 5:22 6:20 15:11 17:20 17:21 20:18
**buyers** 6:8
**buyer's** 19:24

**C**

**C** 21:13,13
**call** 13:23
**called** 5:20
**Cannon** 1:7 4:7,7,16 5:1,7,10 5:15,18 6:6,13 8:3,5,7 13:5 21:8
**case** 1:3 6:18 7:21 10:17,17,20 10:22,24 11:2,10,11 12:4,11 12:14,19 14:21,25 15:22,25 16:4,8,13 21:4
**cases** 7:20 10:15,16 11:23,25 15:21 19:6
**cast** 18:19
**cause** 15:11,14 19:22 20:11,17
**causes** 12:24
**Cavero** 1:4,5 4:3
**Caveros** 6:25 7:2
**certainly** 16:4,16
**Certificate** 3:4
**certify** 21:14
**cetera** 18:15
**challenge** 11:6
**chance** 19:11
**change** 20:24
**checked** 6:6
**choice** 1:21 4:11,20 13:3 19:2,3
**choose** 19:1,25
**chose** 17:11,11
**circuit** 6:22 7:19,20 10:16,20,23 10:25 11:22,24,25 12:2,7
**Circuit's** 10:7
**cite** 11:21,23
**cited** 10:15,16,23 15:1,9,13,21
**citing** 15:24
**claim** 5:13 7:22 8:11,17 9:14,22 10:7,21,24 11:12 13:17 14:15 15:8,14,16,19 16:19 20:10
**claiming** 17:16
**claims** 5:22 7:9,15 11:17 12:9 13:16,18 14:9,17,19 15:7,11 16:5 17:19,19,23 18:8 20:9,18

**clear** 10:7 14:23
**client** 17:10,24 18:1,2,20 19:15 20:11,23
**clients** 13:17 14:15,18 15:7 18:16 19:24 20:25
**close** 13:23
**colleagues** 19:5 20:1 21:5
**collect** 3:3 16:1 19:9
**collected** 17:4,17 19:9
**Collection** 13:18,21
**Collections** 15:9
**Colorado** 5:24
**come** 5:16 8:23 18:2,18
**coming** 5:3 7:20
**comment** 16:6
**commerce** 15:20 16:2
**competent** 12:21
**complaint** 7:13 8:10,11,20 9:7 10:4,6 13:24,25 14:6,11,12 16:2
**compulsory** 5:23 13:9 16:17
**concluded** 21:11
**conclusive** 7:4
**Conroy** 1:22
**conspired** 9:8
**constitute** 15:20 16:2
**Consumer** 13:18
**CONTENTS** 3:1
**continue** 6:12
**continued** 6:10
**COOKE** 1:11
**cornerstone** 10:14
**correct** 4:23 5:7,8 18:8
**counsel** 4:15,19,24 5:14 13:3,7 13:11,14 16:23 20:22 21:7
**count** 5:12 14:10
**counterclaim** 13:10
**counterclaims** 5:23 16:18
**course** 10:13 11:1 14:24
**court** 1:1 2:1 4:2,6,9,12,18,21,24 5:5,9,14,17,21,23,2 5 6:5,12 6:16,21 7:3,10,11,18,19,23,24 8:1,2,4,6,25 10:8,11,12,14,17 10:25 11:4,4,6,10,11,19,19,25 12:3,4,5,9,12,21,2 1 13:1,3,6 13:11,13 14:3,14,15,17,21 15:12 16:7,8,11,14,20,23 17:7 17:5,10,14,20,22,23,5 18:2,9 18:11,14,16,19,1 9 19:2,3,13 19:21,22 20:3,10,11,14,19 21:3,18
**courthouse** 2:2 17:13 21:18
**Courtroom** 1:6
**courts** 17:18
**Court's** 15:22
**co-counsel** 16:18
**creating** 9:10
**credit** 10:1
**crucial** 7:17
**Cummings** 1:18

**D**

**D** 2:2 21:18
**Dale** 1:21 4:10
**damage** 11:16
**damaged** 9:24 10:2
**damages** 9:2,12 16:13,14 17:17
**date** 14:3,3,10 21:17
**DCA** 14:25 15:24
**debt** 7:14 9:5 13:17,20,21 14:13 15:10 16:1 17:1,4
**deceit** 8:15
**Deceptive** 9:15,16 13:19 15:17
**decide** 10:14
**decided** 11:19
**decision** 12:20 15:12
**decline** 14:15
**defendant** 4:6 5:5 20:14,15

**defendants** 1:9 4:15 5:13 9:4,8,9 9:20,22
**defenses** 7:12 17:9 20:20
**defined** 6:22
**denied** 7:7
**denying** 20:23
**Description** 3:11
**determine** 5:25 10:11
**diligently** 18:1
**discriminatorily** 17:24
**discussion** 10:18
**dismiss** 1:10 4:13,21 5:19,21 13:1 16:21 20:16
**dismissal** 5:12
**dismissed** 5:6 12:15,19 20:15
**dismissing** 5:3
**disposed** 5:2
**dispute** 6:25 7:4 14:12
**disputing** 7:14
**District** 1:1,1,11 11:11 15:13,23
**DIVISION** 1:2
**docket** 4:13,13,14,18,21,2 4 6:7 14:6 20:15,16,19 21:6
**doctrine** 5:20,25 6:3 10:25 12:15 12:16
**documents** 9:10
**Doe** 4:11
**done** 17:8 20:2 21:2
**door** 17:7
**do-over** 17:14,15
**drag** 17:14
**Drive** 1:15
**drop** 20:9
**dropped** 20:9
**dropping** 18:8
**during** 14:24

**E**

**E** 21:13,13
**earlier** 11:15
**easily** 5:21
**Echevarria** 14:22
**ECOA** 11:1
**effect** 12:18
**Eighth** 11:24
**either** 6:8 7:5 19:24 20:3,20
**element** 8:9
**elements** 6:22,23
**Eleventh** 6:22 7:19 10:7,16,20 10:23,24 11:21 12:2,7
**engage** 20:3
**engaged** 18:12
**entered** 6:17 9:13 10:22 11:20
**entertain** 17:19
**entertaining** 5:24
**entire** 9:14
**entries** 4:18,25
**Entry** 4:13,14,14,2 1 14:6 20:15 20:16,19 21:6
**Esq** 1:14,17,21 4:11
**estate** 21:3
**et** 1:8 4:3 18:15
**even** 8:1,22 11:21 12:3 13:22 17:18
**Everett** 4:11
**everybody** 17:14
**everything** 15:3
**evidence** 3:10 8:18 17:21
**exactly** 15:15 18:3,7
**example** 17:22
**Except** 15:10
**exercise** 14:16
**Exhibits** 3:9,10
**expires** 14:5

**F**

**F** 21:13
**face** 9:21 10:5
**fact** 7:11,15 14:25 20:5

facts 14:10
failed 8:18 18:1,3
failing 15:10
fair 9:15 13:17,20,2 1 14:13
Faith 4:11
fall 15:20
favor 6:17
Fax 1:20,24
FDCPA 8:11 10:7 11:1,2,12
FDUTPA 15:16,20
Federal 7:9,18 13:17 14:15
    15:25 16:19 17:3,7,19 18:2,19
    19:2,2,22 20:11 21:3
Ferguson 2:2 21:18
Fifth 1:18
Figuero 7:21 10:17 11:3,4 12:3,5
Figueroa 16:8,13
file 19:1
filed 5:11,11 6:8 7:12,13 8:14
    14:6 16:11 18:6
filing 5:2 10:3 14:3 16:1
final 6:16,20 7:4,5,6,7 8:3,8,24
    9:12,20 10:10,12,19,22 11:20
    12:13,17,22 16:10 17:12
finally 15:16
find 6:16 7:24
finding 12:19
finished 8:1
first 5:19 6:24 8:14 11:9 13:16
Fishman 15:24
fix 20:8
Floor 1:23
Florida 1:1,7,16,23 2:3 9:15
    13:18,18,19 14:21 15:9,13
    19:5 21:4,19
Florida's 14:19 15:16
following 4:1
foreclose 9:4,9,20
foreclosure 6:4,5,9,13,17,2 1 7:1
    7:5,11 8:15,15,17,19,24 9:3,6
    9:11,17,18 10:1,4,19 11:18,20
    12:13 13:25 14:1 16:1,2,15
    17:9,11,13 18:12,24 19:23
    20:12 21:1
foregoing 21:14
forum 20:6
forward 6:11 8:16
four 6:23
fourth 6:9 15:24
FPR 2:1 21:17
Friedman 1:21 4:10,10,20,23
    13:8,15 21:9
from 5:23 10:16 11:23 13:3,3
    21:4
front 17:6
FSB 1:8

                    G
G 1:11
Ganon 1:22
General 15:23
general's 16:3
GILDA 2:1 21:17
give 13:13 16:23 19:20
given 12:13
giving 14:10
go 18:13
goes 9:2 10:17 11:5,5
going 19:4
gone 6:8,11 8:3 13:22
good 4:2,5 19:5
gphofficialreporter@gmail.com
    2:3 21:20
grant 16:20
granted 20:16 21:6
ground 5:19
grounds 5:19,21
Group 1:21 4:11 13:4

                    H
happened 8:4 13:24 18:22 19:15
Harper 10:24
having 8:14 9:8
hear 13:3
hearing 9:12 21:11
held 4:15 15:24 16:3
history 6:3
holder 9:23
holdings 7:21
Hollywood 1:22,23
Honor 4:5,8,10,17 5:1,8,15,18
    6:6 7:6,10,24 8:5,13,24 10:15
    11:2,13 12:12 13:5,8 16:6,22
    16:25 17:15 18:5,23 19:8,19
    20:7 21:8,9
HONORABLE 1:11
Hope 1:17 4:7
housekeeping 5:10
Hughes 15:22

                    I
idea 18:20
identical 12:23
Identification 3:10
immunity 14:23 15:7,18 16:18
important 16:7
inapplicability 11:22
including 11:24
incomplete 19:12
IndyMac 4:7,16 5:3 20:14
inextricably 7:18,22 11:8 12:1,5
    12:7
inflection 5:13
inform 20:3
injury 11:17
intentional 5:12
interesting 11:4
intertwined 7:18,22 11:8 12:2,5
    12:7
invalid 16:4
invalidate 8:24 17:1 19:10
invokes 16:12
involved 10:19
involves 11:3
issue 7:17,18 8:20
issues 18:21

                    J
Jane 4:11
Jr 2:2 21:18
judge 1:11 10:17 11:19 16:8
    17:24 18:16,19,20
judgment 6:16,20 7:4,5,6,7,19
    7:23,25 8:3,8,13,16,24 9:3,13
    9:20 10:10,12,19,22 11:6,14
    11:20 12:13,17,22 15:1 16:10
    17:17 18:18,19 19:10,17
judicata 5:21 12:16 13:2
judicial 14:24 15:4
July 6:11
jurisdiction 5:22,24 6:1 10:13
    10:13 12:1,13,21 14:16,18
jurisdictions 11:24
just 5:2 6:3 8:9 11:6 13:12 16:6
    16:10 17:3,5,16,25 18:6,9,23
    18:25 19:9,10,19 20:7,10,21

                    K
kicked 18:25
kind 8:25 19:2
know 8:12 17:20 18:10,12,17
    19:11,12
knows 11:2
Krevans 1:22

                    L
L 1:21

Lakes 1:15,16
landscape 20:24 21:4
last 6:6 14:22
LatAm 14:25
latest 6:10 14:5
law 9:19 14:21 19:5 21:4
lawsuit 17:7,10
legal 1:21 4:11,20 9:11 13:3
lengthy 10:18
LEONARDO 1:4
Let 13:3
let's 13:20
lightly 19:25
like 5:16 6:2 16:10 17:18 18:8,9
    19:7
limitation 14:2
limitations 13:22 14:8,13 16:19
LINDA 1:5
Line 3:11,11
literal 19:24
literally 17:12
litigants 18:6
litigate 20:12
litigation 14:19,24 16:18
LLP 1:18
long 13:22
longer 12:4 19:7
look 8:9,22 10:5,6 11:14 16:8
looked 8:10
lose 9:25
lot 17:18 18:25

                    M
made 7:7 17:22
make 9:10
makes 6:18 14:22
MARCIA 1:11
Marked 3:10
matter 7:25 9:19 12:8 21:15
matters 21:5
may 4:24 5:14 6:12 7:5 12:22
    18:20
maybe 18:7
ma'am 13:15
mean 5:11 18:6 19:3 20:5
means 14:14
mentioned 11:15
merits 6:1 18:10 19:12,14
Miami 1:2,7,15,16 2:2,3 21:19
    21:19
Middle 15:13,23
might 21:1
missed 14:8
monetary 16:13,14
months 14:8
morning 4:2,5 5:12
mortgage 4:8,17 5:4 8:17 15:5
    20:14
motion 1:10 4:21 5:11 16:20
    18:15 20:16,24
motions 4:13
move 5:19,20 6:1 19:16
much 19:4
must 15:20
mystery 19:7

                    N
never 17:20 18:12
new 11:7
normally 18:24
North 1:18 2:2 21:19
note 9:23 10:3 15:13
nothing 17:23
notice 5:11 7:12,14 8:14
November 14:5
Number 1:3 4:13,14,14,18,22,25
    5:1,9 7:17 14:6 20:16,19 21:6

                    O
occurred 15:4,6
occurring 14:23
off 6:2
offenses 15:19
Office 15:23
Official 2:1 21:18
Okay 5:14,15,18 8:6 13:5 19:8
    20:13,14
one 1:8,17 4:3,7,15,16 5:15,18
    6:17,25 7:1,20,21 8:18 11:25
    12:15 13:17 14:14 16:6,19
    20:1,12,15
ones 13:13
one-year 13:21
only 5:10 13:17 15:11 16:14
opinion 11:22
opportunity 7:9,15 12:10 18:9
order 7:23 9:8,10 15:19
original 21:1
other 5:10 7:21 11:23 13:18 17:5
out 7:20 8:23 10:16,20,23,24
    11:4,10 14:25 15:22 18:19,25
over 14:16 17:10
owner 9:23

                    P
Page 3:2,11,11
papers 15:1,13
paragraph 9:7,9,11,14,18,19,22
    9:24 10:2
Parker 10:20
particularly 19:4
parties 6:24 7:1,2 12:17,23
party 7:8
PASTOR-HERNANDEZ 2:1
    21:17
pending 6:4,5,7
Perdomo 11:10
persons 18:17
place 19:13
plaintiff 4:7 23 9:11 12:4
    18:24
plaintiffs 1:6,14 9:1,24 10:2,11
    11:21 15:15
plaintiff's 11:13
please 5:17 16:8
pled 18:7
plenty 21:4
point 15:12,15
position 11:22
post 15:1
potentially 16:12
practice 18:13
Practices 9:15,16 13:19,19,21
    15:17
pray 20:7
praying 19:19
precedent 10:8
precluded 19:6
preclusion 12:18
prejudice 12:20 16:21 19:20
    20:8
premised 9:16 11:17
present 12:24
pretty 19:4,5
principles 13:1
prior 7:3 12:20,24
private 15:11,14
privilege 14:20
pro 18:6
procedural 6:3
Procedurally 6:19
proceed 5:9,14 21:5
proceeding 7:10,11 14:25 15:4
proceedings 1:10 4:1 15:2 18:21
    20:4 21:15
pronouncement 14:22

property 9:2,25
provide 8:18
pursuant
P.A 1:14

**Q**

question 12:9
quick 16:6

**R**

R 21:13
raise 7:9,12,15 12:10 16:7
raised 12:8,11,25 13:23 16:18,20
    17:7
rather 4:12 13:11
real 9:25 21:3
really 11:5 18:20 19:3
reason 16:24
reasonable 7:9
reasoned 16:9
reasons 16:17,20
received 3:10 5:2
reconsider 18:15
record 4:2,4
recording 15:5
records 15:5
recover 6:15 7:24 17:3
recovery 17:16
refer 11:10
Regal 1:14,14 4:5,5 5:8 16:25
    17:3,15 18:5,23 19:8,19 20:7
    20:13 21:10
rehearing 7:6,13
reiterating 13:11
related 14:24 15:6
relief 7:8
remaining 14:16
remorse 19:24
rendered 12:20
reopen 18:15
REPORTED 2:1
Reporter 2:1 21:18
Reporter's 3:4
represent 4:15,16,19,20
represented 7:10
res 5:21 12:16 13:1
respect 15:7
response 11:9
retain 14:17
right 4:9,12 5:6,9,14 9:20 11:18
    19:11 20:7
rise 14:10
River 5:24
Rooker-Feldman 5:20 6:2,14,18
    6:19,23 8:7 10:8,9,9,18,21,25
    11:12,23 12:15,25 13:9 16:7,9
    16:12,15,17,24,2 5 18:4 19:6
    20:17
roundabout 9:1
RPR 2:1 21:17
rules 19:17
ruling 7:3
run 14:2,4,13

**S**

sale 6:7,10 8:4
same 6:24 12:17,24 17:8 20:19
saying 19:5
says 10:9
se 18:6
second 7:3 13:23,25 14:11,18
section 15:10,15
see 18:14
seek 9:1
seeking 7:8 8:22,23 9:12 11:6,16
    16:13
sense 11:16 12:18
separately 19:1

served 13:25 14:4,4,11
Services 4:8,17 5:4 20:14
set 6:17
several 4:13 5:19 6:10 10:15
Shapiro 15:24
short 17:22
show 17:23
shrift 17:22
Simberg 1:22
similar 10:19 12:16,25 13:7
Similarly 15:8
simply 11:13
Since 16:14
Sixth 11:24
slandered 10:1
sold 9:2
some 7:15 13:10 20:9
somehow 17:21,23 19:17 20:5
something 11:18 17:25 18:17,18
    19:14 20:1,2,4 21:1
source 11:17
Southern 1:1 11:11
specific 6:22
specifically 11:25
standard 12:2,6,8
start 4:24 6:2 13:20
starts 14:4
state 6:21 7:3,9,11,19,22,23,24
    8:1 11:6,19 12:9,21 14:16,19
    15:23 16:11 17:4,10,18,22,23
    17:25 18:14,16,19 19:1,10,17
    20:19
statement 8:11 10:6
States 1:1,11 2:1 21:18
stating 15:14
statute 13:22 14:2,8,12 15:11
    16:18
stayed 6:9
step 20:1
steps 17:13
Steve 1:14,14 4:5
still 6:7 11:8 12:6
stop 14:9
street 18:3 19:14 20:2,3
subject 9:23
subpoena 16:4
subsequently 16:11
substantive 15:18 16:20 19:23
substantively 15:9
Suite 1:15 2:2 21:19
Summons 13:25
supplemental 14:16
Supply 15:22
supporting 11:22
Supreme 14:21
suspicious 9:10 15:4
system 17:25

**T**

T 1:17 21:13,13
TABLE 3:1
take 8:20 16:8
talk 8:14 9:7,9,14 13:24
talks 12:3
Thank 13:5 16:22,23 20:12 21:7
    21:8,9,10
thanks 21:3
their 6:8 7:13 8:9,10,11 9:7,14
    9:25 10:1,6 11:9,15,16,17,17
    11:22 14:10 19:2,3
thing 18:12,13
things 17:7 18:7,8,24,25 20:9
think 5:1 6:8,25 7:4,17 16:6
    19:13,21 20:10,23
thinly 11:7
third 6:9 7:8 14:25
Thomas 15:12
though 8:23
three 13:16

through 6:8 10:18 11:5 17:6,6
TILA 10:21,24 11:1,2
till 14:9
time 6:6 17:8,9 18:16 19:15,20
    20:8
times 6:10 17:18 18:25
today 5:2 6:20 7:16 10:14
trade 9:15,16 13:19 15:17,20
    16:2
transcription 21:15
treated 17:24
Trent 15:25
tried 12:4
true 12:6,11
trying 6:14 8:12 10:11 17:1,2,3
    17:5 19:9 20:5
two 4:12,24 7:20 10:16 13:18
    14:16 15:21
types 19:6

**U**

under 5:24 8:11 9:15 10:7 12:7
    12:15 13:1 15:8,12,15,20 17:3
    19:17
underlying 6:21 8:17 9:3 14:1
understand 18:5,23 19:8
Unfair 13:19 15:17
unfortunately 21:3
unhappy 19:24
United 1:1,11 2:1 21:18
unlawful 9:21
unrepresented 18:17 19:16
unverified 9:5
used 18:24
U.S 21:18

**V**

vacate 11:14
valid 7:9
veiling 11:7
Velardo 10:22
verification 8:20
verify 15:10
versus 4:3 15:24
very 10:19 12:16,25 13:6 14:23
    16:9
violations 11:1
void 9:17,19,21
voluntarily 5:3,5
voluntary 5:11
vs 1:7

**W**

want 11:7,9,14 13:12 15:21
    17:13 18:2 19:25
wanting 20:22
wasn't 20:4
way 9:1 18:15
well 6:1 7:20 8:3,10 11:9 13:8
    17:20 19:13,19
went 8:16
were 4:1 5:3 6:25 7:10 12:23
    13:24 14:4,4,10 15:6,21 16:13
    17:9 18:6,7,16,25 19:19 20:20
weren't 18:7
West 1:8,17 4:3,7,16 5:15,18
    6:17,25 7:1 8:18 12:15 20:15
we'll 8:10
we're 4:2 6:20 7:16 17:1,3,16
    19:8,10
we've 12:16,17,17 18:8 19:4
Wilkie 2:2 21:18
wisely 16:14
wish 20:25
wishes 14:17
words 17:5 19:25
work 18:24
wrong 6:17 7:25 8:13 10:12

17:25 18:18 19:15 20:4
wrongful 9:5 10:1,3 15:25 16:15
wrongfully 9:8
wrongs 19:11

**Y**

yesterday 6:7

**1**

1 14:6
103F 1:15
11-2 1:6
11:00 4:1
11:25 21:11
13-24307-CIV-COOKE/TUR...
    1:3
13-3 2:2 21:19
139 20:15
16 9:7 14:1
16th 14:4
17 9:9 14:5,5
17th 14:9
1819 1:18

**2**

2nd 1:23
2007 14:22
2010 7:21
2011 7:20
2012 14:1,5
2013 7:5 14:5,7
2014 1:8
205.448.6722 1:20
205.521.8722 1:19
21 3:4
22 14:6
22nd 14:9
27 1:8

**3**

305.523.5118 2:3 21:19
33014 1:16
33021 1:23
33128 2:3 21:19
3440 1:22
35203 1:19
39 4:13,18,25 5:1

**4**

4 7:17 15:13
40 4:14,19,25 5:20 16:21 21:6
400 2:2 21:19
45 4:14,22 20:20 21:6

**5**

559.715 15:10,15
559.72 15:12
57 9:11

**6**

6 5:12
6447 1:15

**8**

84F 9:18
84G 9:19
85 9:22
86 9:24
87 10:2

**9**

954.961.1400 1:24
954.967.8577 1:24